## UNITED STATES v. HENNINGTON.

### No. 8893.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1938.

Thomas E. Walsh and Keith Seegmiller, Attys., Department of Justice, and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., all of Washington, D. C., and Toxey Hall, U. S. Atty., of Jackson, Miss.

B. B. McClendon and Chas. S. Campbell, both of Jackson, Miss., for appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

In the year 1927 the United States issued to Charles Day Hennington two five thousand dollar Government Life Insurance Policies. In 1932 the insured was adjudged to be non compos mentis. Thereupon Mrs. W. R. Hennington was appointed guardian of his person and estate. On May 26, 1933, the guardian brought suit to recover monthly benefits of $57.50 under the terms of the two policies by reason of alleged total permanent disability of the insured. On May 19, 1937 the insured died. After his death the suit was revived by Mrs. Hennington as administratrix and she was joined in her individual capacity as beneficiary.

The court below found that Hennington became totally and permanently disabled on July 31, 1929 and that on January 5, 1931, he had furnished due proof of his total permanent disability to the defendant, United States of America. Final judgment was entered allowing Mrs. Hennington, the beneficiary, to recover of the United States the installments which were due and had accrued prior to Hennington's death. The court found that there were eighty-two accrued installments due under each of the two policies, aggregating $57.50 per month. The installments were figured from July 31, 1930

through April 30, 1937, the monthly payment date next preceding the day of the insured's death. The beneficiary was also allowed to recover in a lump sum the commuted value of the remaining and unpaid one hundred fifty-eight installments due under the contract and which had not accrued at the time of the insured's death.

The contention of the Government was and is that since the insured died, that it should pay to the beneficiary the lump sum of ten thousand dollars as death benefits. On calculation made by the Government as to monthly benefits, the court below allowed the beneficiary to recover the sum of $12,031.37. From this judgment the Government brings this appeal.

To sustain the contention of the Government would require a construction holding that death, occurring before the payment of any disability benefits, cancels the effect of any total permanent disability which may have existed. Such a construction applied to the case here would have the effect of reducing the Government's liability from $12,031.37 to $10,000 solely by reason of the fact that the suit filed in 1933 was, without fault of insured, not tried and adjudicated prior to his death in 1937.

The maturity of the policy by total permanent disability fixed the obligation of the Government to pay two hundred forty installments in accordance with the terms of the policy. "Total permanent disability, which is as much insured against as death, occurring while the policy is in force, matures the obligation of the policy for the whole 240 monthly installments if the disability is not relieved." Boyett v. United States, 5 Cir., 86 F.2d 66, 68.

We cannot, in reason, see how it can be contended that the liability of the insurer can be reduced merely because disability benefits due the insured were not paid him when due. The insured having made due proof of total permanent disability to the appellant on January 5, 1931, the liability of the insurer was then fixed. The insurer's failure or neglect to pay the monthly installments when they were due cannot defeat any part of such fixed liability. Had the insured lived he would have collected these installments. His death on May 19, 1937 had no effect on the fixed liability of the Government under its contract of insurance.

No question has been made on this appeal touching the right of the insured's estate to uncollected installments which accrued during his lifetime. In affirming the judgment we do not wish to commit ourselves to the view that in a converted War Risk policy the disposition of installments thus accrued but unpaid ought to be different from the express provisions of law as to the disposition of installments accruing on an unconverted term policy. See United States v. Boshart, 9 Cir., 91 F. 2d 264, 112 A.L.R. 52.

The judgment is affirmed.