ROSE BIRNBAUM, Plaintiff, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant.

City Court of New York, Special Term, Bronx County, January 18, 1939.

*Harmon Ackerman,* for the plaintiff.
*Louis W. Dawson,* for the defendant.

EVANS, J. This plaintiff sues for the benefits accruing to her deceased husband, under the provisions of a life insurance policy, for total and permanent disability. The insured died June 4, 1938, and, by the terms of the policy, plaintiff succeeds to his interest in these benefits. It is claimed that decedent became totally and permanently disabled before he reached the age of sixty, and it is conceded that no claim therefor was filed with the insurer, prior to the time when the insured reached the age of sixty.

The insured became totally and permanently disabled on March 11, 1935, reached the age of sixty years on August 20, 1936, and proof of total and permanent disability was submitted to the insurer on February 20, 1937, which was rejected, upon the ground that the said insured, the decedent, at the time the proof of claim was submitted, was past the age of sixty.

By section 3 of the insurance policy, such a claim must be filed with the insurer before the insured has reached the age of sixty years. That section is entitled: " Benefits in Event of Total and Permanent Disability before Age 60."

It provides that, if a claim for disability is filed before the insured attains the age of sixty years, the insurer will pay certain benefits " beginning upon receipt of due proof of such disability." It is quite clear from section 3 of the policy that no matter when the disability commenced, benefits are payable only from the time due proof is made. Upon any disability it, therefore, was to the interest of the insured to file a claim as early as possible. The longer the disabled person waited to file his claim, the more he would lose in benefits.

On the back of the policy is a rider, reading as follows: " Supplementary Benefits to Section Entitled ' Benefits in Event of Total and Permanent Disability before Age 60.' Benefits if Proof Delayed and no Premium in Default.— If, while no premium is in default, the proof furnished the Company under the Section providing for ' Benefits in Event of Total and Permanent Disability before Age 60 ' is such as to entitle the Insured to the Disability Benefits provided for therein, and if due proof is also furnished the Company that such disability has been continuous since its beginning, the Company will:

" (a) Begin the monthly income payments provided for in such section as of the end of the first completed month of such disability if earlier than the date of receipt of such proof instead of as of the date of receipt of such proof."

Plaintiff's claim is that the rider nullifies the provisions of section 3 of the policy, requiring proof of claim to be filed before the insured reaches the age of sixty, and must be given effect as if that require-

ment were absent from section 3 of the policy (*Chadsey* v. *Guion*, 97 N. Y. 333); that the average insured would so read the rider as to believe that he would not be penalized by complete loss of his claim if he delayed filing his proof of claim beyond the time he reached the age of sixty years (*Mansbacher* v. *Prudential Life Insurance Co.*, 273 N. Y. 140); and that by rejecting the claim, on the ground that the proof of claim was filed too late, defendant can raise no other defenses to the suit. (*Herschman* v. *John Hancock Mutual Life Insurance Co.*, 158 Misc. 263; affd., 248 App. Div. 774; motion for leave to appeal denied, Id. 877.)

I think the meaning of the rider and section 3 is clear and unambiguous. Instead of benefits beginning as of the date when proof of claim is filed, the benefits are to commence at the end of the first completed month of the disability, and not as of the day when proof of claim is received. The purpose of this rider was to give the insured more time to determine whether the disability was of a permanent nature, and any delay in the filing of the proof of claim would thus not penalize an honest claimant.

I do not think there is anything in the rider which destroys the requirement that proof of claim, in any event, must be presented before the disabled person reaches the age of sixty years, and I do not think the average insured person, reading the policy, could take the rider to mean that he may delay filing his proof of claim until after he has reached the age of sixty years. Such a construction would alter the entire nature of the contract.

There is no other question of fact or law involved. Defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.