15294

BENNETT v. NEW YORK LIFE INSURANCE COMPANY

(15 S. E. (2d), 743)

.. 

fall of 1940.

Messrs. Thomas, Cain & Black, of Columbia, and Mr. Hugh O. Hanna, of Hampton, for appellant,

Mr. Randolph Murdaugh, Jr., and Mr. George Warren, both of Hampton, for respondent,

July 15, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

It appears from the Transcript of Record that on or about May 1, 1917, the defendant-appellant issued to plaintiff-respondent its policy of insurance on his life and health, by which it insured his life in the minimum of $1,000.00 and

the maximum sum of $2,000.00, payable at his death. The policy also contains the following provisions:

"Whenever the Company receives due proof, before default in the payment of premium, that the Insured, before the anniversary of the policy on which the Insured's age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days * * * then.

" * * * Commencing with the anniversary of the policy next succeeding the receipt of such proof, the Company will on each anniversary waive payment of the premium for the ensuing insurance year * * *. One year after the anniversary of the Policy next succeeding the receipt of such proof, the Company will pay the insured a sum equal to one-tenth of the face of the Policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the Insured. * * * "

The respondent brought this action alleging the things hereinabove set forth, and alleging further that on the 29th day of November, 1929, the plaintiff, before having attained the age of 60 years, became wholly and permanently disabled by bodily injury and disease, and was thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that due notice thereof was given the company on or about the 22nd day of March, 1932. He further alleges that he has paid all premiums due on the policy, and has fully complied with all the terms and conditions thereof. That he has made demand for the payment of the annual income to which he is entitled under the policy and for the repayment to him of the premiums which he has paid since the 22nd day of March, 1932, and the payment of income and premiums has been refused.

For answer, the defendant sets up for a first defense: Admits the formal allegation of the complaint; the execution and delivery of the policy; that the policy contained provisions for the waiver of premiums and the payment of annual income in the event that the insured submitted due proof that he has become totally and permanently disabled, as that term is defined in the policy and under the conditions therein set forth; that it has no knowledge or information of the things set forth in Paragraph 5 of the complaint, and, therefore, denies them; but admits that on or about March 21, 1932, it received notice that plaintiff claimed to be totally and permanently disabled. It admits that the premiums have been paid as they fell due. It admits that it has refused to pay the annual income provided for in the policy, and alleges that it has failed to do so on account of the facts and things hereinafter set forth; and denies the other allegations of Paragraph 7. It admits that the premiums have been paid as they matured, but denies every other allegation of Paragraph 8. It denies each and every other allegation of the complaint not hereinabove admitted, or denied. It further alleges that the insured did not before the anniversary of the policy on which his age at nearest birthday was sixty years and subsequent to the delivery of the policy, become wholly disabled by bodily injury or disease so that he was or will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit; and the defendant therefore alleges that no liability devolved upon it to waive the payment of premiums as they became due under said contract, or to pay the annual income therein provided for, and therefore denies that it is indebted to plaintiff in any sum whatsoever.

For a second defense and in further answer to said complaint, this defendant alleges: 1. That the cause of action set forth in the complaint, if any cause of action is stated therein, arose and had its origin more than six years prior to the date of the commencement of this action and the said action is now barred by the Statute of Limitations, in that even if

the insured became totally disabled prior to April 18, 1933, the anniversary of the policy nearest the plaintiff's 60th birthday, and gave due notice thereof, he did not prosecute any action against this defendant after receipt of notice of declination of such claim for a period of more than six years, and the defendant sets up and asserts the said statute as a complete bar to the further prosecution of this action. 2. The defendant further alleges that inasmuch as the plaintiff freely and voluntarily paid the premiums as they became due under said policy, with full knowledge of his condition and the terms of said policy, he is estopped and precluded from recovering same.

Upon the issues thus made by the pleading, the cause came on for trial before Judge Thurmond and a jury at the fall, 1940, term of Court for Hampton County. Defendant made motions for nonsuit and directed verdict on the grounds set forth in the record; which motions were refused. The trial Judge ruled that if the plaintiff was entitled to recover at all, he was entitled to recover disability benefits for only six years prior to the commencement of the action, and an additional amount representing the premiums paid during the six years preceding the commencement of the action, with interest on the whole amount due.

The jury found for plaintiff the full amount allowed under the ruling of the Court. Defendant's motion for new trial was refused.

The defendant appeals upon grounds set out in eight exceptions, which it elects to treat as making four questions, viz. :

"I. Did the Court err in failing to hold as a matter of law that the action instituted by the respondent, John D. Bennett, on the 11th day of March, 1940, is barred by the Statute of Limitations or by the terms of his insurance contract?

"II. Did the Court err in allowing the recovery of premiums paid freely, voluntarily and without protest, for the six years prior to the commencement of this action?

"III. Did the Court err in allowing the admission of exhibits and testimony tending to establish disability more than six years before the commencement of this action?

"IV. Did the Court err in failing to direct a verdict in behalf of the defendant on the ground made, * * * ?"

It will hardly be denied that an action of the nature of this must be brought within six years after the cause of action has accrued, or it will barred by the Statute of Limitations, Subsection 7 of Section 388 of the Code of Laws, 1932, which is in these words: "Actions may be brought in any of the courts of this State properly having jurisdiction thereof on any policies of insurance, either fire or life, whereby any person or property, resident or situate in this State, may be or may have been insured, or for or on account of any loss arising thereunder, within six years from the date of such loss, *or from the accrual of the cause of action under said policy,* any clause or condition in the said policies or limitations therein contained to the contrary notwithstanding." (Italics added.)

When did the right, or cause, of action accrue in this case? It is based upon the allegation in the complaint that defendant contracted with plaintiff by the terms of the contract of insurance issued to him, to pay him an annual sum and to waive all further payment of premiums if he gave to the company due notice and proof that he had before the anniversary of the policy on which the insured's age at nearest birthday is 60 years; and that on the 22nd day of May, 1932, plaintiff gave defendant such due notice that he had become totally disabled by bodily injury and disease on or about November 9, 1929, before he had attained the age of 60 years, and that he did furnish the defendant due proof thereof, and that defendant has refused to pay the claim.

July 12, 1932, the company wrote plaintiff a letter saying that it had "completed its investigation in respect to his claim for disability benefits and from the evidence submitted and information obtained by the Company, it does not appear to

the Company that he is totally and presumably permanently disabled, within the meaning of the provision in the policy. * * * The Company is not justified, therefore, in approving claim for disability benefits."

This fixed the status of the parties. Plaintiff had made his claim and the company had refused to pay it. The claim was for total and permanent disability arising in 1929. No other claim has ever been made for disability arising before the anniversary of the policy on which insured's age at nearest birthday was 60 years; the insurance contract provides for no other claim. The cause of action accrued then, and the Statute of Limitations began to run then.

"It is of the essence of statutes of limitation that time begins to run under them as to causes of action only after the right to prosecute them to a successful conclusion has fully accrued. As soon, however, as the cause of action has accrued, the statute of limitation begins to run thereon. * * * It may be stated as a sound general proposition that a cause of action accrues the moment the right to commence an action comes into existence, and the statute of limitations commences to run from that time even though, in some jurisdictions, the party is ignorant as to the existence of his rights or the cause of action is fraudulently concealed. As the rule is otherwise expressed, a right of action accrues whenever such a breach of duty or contract has occurred, or such a wrong has been sustained, as will give a right to bring and sustain a suit. * . * * " 34 Am. Jur., Section 113.

Unquestionably, defendant had the legal right to investigate the claim, and the legal right to reject it if, in its judgment, the claim was without merit. If the claimant deemed the claim a just one, he had the legal right to test the matter in the Courts, but the statute requires that he bring his action within six years of the time his right accrued, or be barred. The purpose of the statute is to protect the rights of both parties. If this plaintiff's action is sustained, then the statute is a nullity and he may bring his action ten or more

years after his right of action has accrued, and defendant's opportunity to investigate the claim is gone.

The company is the judge of the sufficiency of the proof of disability. It has the right to investigate the claim. In the case of *Craig v. United States, etc., Ins. Co.*, 80 S.. C., 151, 61 S. E., 423, 425, 18 L. R. A. (N. S.), 106, 128 Am. St. Rep., 877, 15 Ann. Cas., 216, the policy contained a provision that notice of illness must be given the company at Saginaw, Michigan, within ten days of accident or beginning of illness. The Circuit Court held that this requirement was unreasonable. On appeal Mr. Justice Woods of this Court said: " * * * The provision on which the defendant relies is not unreasonable, but, on the contrary, it is evident some such stipulation is necessary to the protection of the defendant as an insurer against sickness to enable it to investigate alleged illness, and thus protect itself against imposition. * * * "

In the case of *Sample v. London, etc., Insurance Company*, 46 S. C., 491, 24 S. E., 334, 335, 47 L. R. A., 696, 57 Am. St. Rep., 701, Mr. Justice Jones, for this Court said: " * * * If the question had arisen under a statute of limitation, the rule undoubtedly would be that the time commenced to run on the accrual of the cause of action. * * * "

In our present case, that is exactly what the question is, viz., that Subsection 7 of Section 388 of the Code of 1932, expressly refers to actions on insurance contracts, and expressly provides that such actions shall be brought within six years from the accrual of the cause of action.

It is doubtless the general rule that in case of ambiguity in an insurance contract, the terms of the contract will be construed in the manner most favorable to the insured and against the insurer. But it is also true that in this jurisdiction where there is no ambiguity in insurance contracts, they must be construed in strict conformity with the terms thereof, just as other contracts are so construed. No authorities need be cited in support of this postulate.

There is no ambiguity in the contract before us. Both parties to the suit set forth in their pleadings the pertinent part of the contract as that upon which the case turns. Plaintiff was entitled to receive certain disability benefits and to the waiver of premiums if he furnished to the company due proof that he had become disabled ·by injury or disease at any time before the policy anniversary nearest to his 60th birthday, "and before the sum insured or any part thereof becomes payable."

There is no ambiguity here. It is true the plaintiff furnished due proof. It was the privilege and the province of the company to say whether the "due proof" furnished by plaintiff was satisfactory proof. The company found it unsatisfactory and promptly notified plaintiff of that fact. Plaintiff was either unable to furnish other proof, or acquiesced in the finding of the company that under that proof he was not totally disabled under the terms of the policy. At any rate, he did nothing to test the issue. He had the right then and there to bring his action, but he did not do so. On the contrary, he either negligently or purposely waited for eight years before doing so. We think the Court in holding that the action was brought in time, made a new and different contract for the parties. We think the able Judge who heard this case was misled. In passing upon and overruling the motion for nonsuit, he said: "I do not think you could recover that, but somebody got your money, he paid it to them and it is money had and received. You did not bring a suit within that six years, and you would be barred I think in that instance because as far as you can go back for the disability, or the return of premiums paid."

His Honor lost sight of the fact that it is shown by the record, beyond the peradventure of doubt, that the plaintiff was paying an annual premium on a policy which was payable at his death to the named beneficiary in the sum of $1,000.00; he had borrowed $250.00 from the company and the premiums included the annual interest on that sum. When the company notified plaintiff July 12, 1932, that his

claim for disability benefits was denied, it also reduced the annual premium by $1.98, as the premium for disability was deducted. Thereafter, he never paid anything for disability insurance. The premiums which he continued to pay thereafter were to keep alive the insurance on his life and to pay the interest on his loan. When, therefore, his Honor held that as the company had received this money, they were bound to pay the claims for disability because of liability under the policy, he made a new contract for the parties to which the company never assented and was not bound.

This question has been before the Courts and both parties to this controversy cite authorities. In our judgment the cases presented by the appellant are more in line with the logic of the construction of contracts than are the others.

In the case of *Lincoln Life Insurance Company v. Ghio,* 111 F. (2d), 307, we find an illuminating exposition of the law applicable to the issues here involved. The opinion is by Judge Sanborn of the Circuit Court of Appeals for the Eighth Circuit. The policy of insurance therein considered is closely analogous in its provisions and terms to that involved in our case. The appeal was from the District Court of the United States for the Eastern District of Missouri. The policies there involved contained the following:

" 'If the Insured, at any time before the policy anniversary nearest to his sixtieth birthday and before the sum insured or any installment thereof becomes payable and while no premium is in default, shall submit proof satisfactory to the Company that he has become totally and permanently disabled by bodily injury or disease originating after the date hereof, and as hereinafter defined, then:

" 'The Company will waive the payment of all premiums falling due after receiving such satisfactory proof of disability and during the continuance of such disability of the Insured.' "

The insured, in the above case, became 60 years of age on December 8, 1936. Prior to that time he had furnished no

proof of disability. On December 9, 1938, when he was 62 years old, he submitted proof to the company that he had become totally and permanently disabled, within the definition of his policies, on June 14, 1934. The company denied liability and also pleaded that he had failed to submit before the policy anniversary nearest to his 60th birthday. The insured in his answer alleged that he had become disabled on June 14, 1934, but did not discover it until on or about June 14, 1938. Right here we may pause to say that in the case before us plaintiff proceeds upon the hypothesis that since he served some proof of disability within the time and term of the policy, this *Ghio case* does not apply to him, although his due proof was declared by the company to be insufficient and unsatisfactory and he never attempted to furnish any other proof or to test the accuracy or sincerity of the company's action. The company was the judge of whether the proof was satisfactory; any other rule, in this State, would put it in the hands of the claimant to furnish any flimsy so-called "due proof," and when the company declared it insufficient, wait until the opportunity for the company to show the falsity of the claim had passed, as was done in this case, and then bring action on it. Such course is to nullify that section of the Statute of Limitations which apparently was made especially applicable to insurance contracts. We continue the citation from *Ghio case*:

"The language specifying upon what conditions the company would waive premiums in case the insured became disabled is clear, explicit and unambiguous. The right to the waiver was made clearly dependent upon the insured's submitting proof prior to age 60. *Under a disability clause such as this, where the event upon which liability depends and which fixes the time from which premiums are to be waived is the furnishing of proof, and not the occurrence of disability, it is almost universally held that the right of the insured to the disability benefits depends upon the furnishing of the requisite proof as a condition precedent to the liability of the company.* See and compare, *Mutual Life Ins. Co. of*

*New York v. Drummond,* 8 Cir., 111 F. (2d), 282, opinion filed May 2, 1940. [Italics added.]

\*    \*    \*

"Under a disability clause such as that here in suit, we think there can be no doubt that the furnishing of proof of disability before age 60 is a condition precedent to liability on the part of the company for a waiver of premiums, and that the failure of the insured to furnish such proof before age 60 defeated his claim, regardless of the time when his disability, if any, occurred. [See and compare *Birnbaum v. Mutual Life Insurance Co.,* 170 Misc., 83, 9 N. Y. S. (2d), 928; *Jenkins v. Mutual Life Ins. Co.,* 130 Pa. Super., 442, 198 A., 486, and others.]

"There are cases dealing with disability provisions some of which were not greatly dissimilar to those under consideration, in which it has been held that the furnishing of proofs before age 60 was not a condition precedent to the liability of the company to waive premiums. It is to be noted that the language of the particular disability clauses considered in such cases was construed as providing that the insured's right to disability benefits should accrue upon the occurrence of disability and not upon the furnishing of proof; that the right of the insured to waiver was not conditioned upon the furnishing of proof prior to age 60, but that such right was merely postponed until proof was furnished.

"The clause under consideration here contains no agreement to waive premiums if the insured submits proof of total and permanent disability after age 60; and not only is the furnishing of proof before age 60 made the condition upon which the right of the insured to a waiver depends, but the waiver is not to become effective until proof is furnished. It is impossible to construe this clause as providing that the company will waive premiums if the insured becomes totally and permanently disabled before age 60 and furnishes proof of disability after age 60.

"In *Williams v. Union Central Life Ins. Co.,* 291 U. S., 170, at page 180, 54 S. Ct., 348, at page 352, 78 L. Ed., 711, 92 A. L. R., 693, Chief Justice Hughes uses this pertinent language: 'As there is no ambiguity in the provisions under consideration, there is no occasion for resort to the familiar principle that equivocal words should be construed against the insurer. While it is highly important that ambiguous clauses should not be permitted to serve as traps for policyholders, it is equally important, to the insured as well as the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate language, and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations.' " Citing other authorities.

"Where disability benefits under insurance policy are conditioned upon furnishing of proof and are to commence from the time that proofs are furnished, the furnishing of proof is a 'condition precedent' to liability and the right of the insured to the benefits provided does not accrue until proofs are furnished." *Mutual Life Ins. Co. v. Drummond,* 8 Cir., 111 F. (2d), 282.

In the case of *Bergholm v. Peoria Life Ins. Co.,* 284 U. S., 489, 52 S. Ct., 230, 231, 76 L. Ed., 416, the Supreme Court of the United States said:

"Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense. [Citing authorities.] As long ago pointed out by this court, the condition in a policy of life insurance that the policy shall cease if the stipulated premium shall not be paid on or before the day fixed is of the very essence and substance of the contract, against which even a court of equity cannot grant relief. [Citing authorities.] And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy constituting a condition precedent to the granting of such relief by the insurer, would be to

vary the plain terms of a contract in utter disregard of long-settled principles."

That is just what was done on Circuit in this case. In spite of the fact that the insured had not filed satisfactory proof of loss before reaching the age of 60, although the policy stipulated that he must do so, he was allowed to recover on a claim of disability accruing after he had reached the age of 60.

The judgment of the Court below is reversed and the case is remanded with instructions to enter judgment for the defendant.

MESSRS. JUSTICES CARTER and BAKER concur in result.

MESSRS. JUSTICES FISHBURNE and STUKES dissent.

MR. JUSTICE BAKER (concurring in result):

I concur in the result of the opinion of the Chief Justice, though I reach my conclusion by a somewhat different course of reasoning.

The proof of disability required by the policy as a condition of liability of the appellant insurance company, as made by the respondent in this case, did not establish respondent's right to disability benefits, but it nevertheless constituted "due proof" of disability as required by the policy, and having been made at a time when the respondent had a right to claim disability benefits if he was then disabled within the provisions of his policy, it furnished a foundation upon which, after rejection by the appellant, the insured could maintain a suit. If the disposition of the case involved only the fact of the making of a proof of claim and its rejection by the appellant, I would concur in the view expressed in the opinion of Mr. Justice Stukes that limitations did not run against respondent's claim as a whole, but merely applied to each annual installment as it accrued. But it appears to me that there are other factors in the case which preclude a recovery by the respondent.

It will hardly be questioned that if, after the rejection of the proof of claim by appellant, the two parties had entered into a formal agreement that the proof of claim should

be disregarded, and that the same should be removed from the files of the appellant, any claim made by the respondent in 1940, by suit or otherwise, would be foreclosed by the fact that the claim had not arisen, and proof of the same made, before the respondent became sixty years old, as provided by the policy limitations. There is no such formal agreement in this case, but it appears to me that the evidence nevertheless shows the existence of an agreement, both legally and morally, of equal import and of similar consequences.

When the appellant rejected the proof of claim as not establishing total and permanent disability within the provisions of the policy, an issue arose between the respondent and appellant. While in a sense this issue involved a mixed question of law and fact, it must be recognized that the factual elements were the predominant considerations, and that the respondent knew as a matter of fact whether in the language of the policy, he had "become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit."

As far as the appellant was concerned, the issue was met from its standpoint by its rejection of the disability claim. As far as the insured was concerned, he having, of course, intimate personal knowledge of the actual facts respecting the nature and extent of the injury and diseases from which he suffered at the time and the consequences thereof, he definitely and affirmatively accepted the conclusion of the appellant. That is to say, he made no protest against the specific declaration in the appellant's letter rejecting his claim that he was totally and permanently disabled within the provisions of the policy, and that he would be prevented for life from pursuing some gainful occupation.

Respondent's acquiescence in the factual assertion of the appellant was not only evidenced by his failure to make any complaint about the same, but was further evidenced by the

respondent, with full knowledge of all of the facts, by his continuation of the payment of premiums for several years thereafter. In my opinion, without resorting to the technical doctrine of estoppel, this concurrence of opinion on the part of the respondent and the appellant was binding alike on each, and constituted in effect a decision on the part of both parties that their relationship and rights and liabilities under the policy were not to be regarded as affected by the rejected proof of claim; and in this light the appellant was fully justified in dismissing the matter and making no further investigation for its protection during the intervening eight years before the claim was renewed and a suit brought.

A consideration that was and is vital to the appellant and that on its part is a matter of strict contract right, is the provision of the policy that at any time, but not oftener than once a year, the appellant could demand further proof of continued disability as a condition of continuing the payments. Through the silent acquiescence of and payment of premiums by the respondent for a period of years, the appellant was lulled into inaction, whereas as a matter of common knowledge the appellant would have made inquiries and investigations from time to time had it been advised or given cause to believe that the respondent considered that he was disabled within the meaning of the policy, and that he had brought himself within its terms by filing the rejected proof of claim.

As a practical matter the appellant was injuriously affected in other respects by the considerations above stated, as the testimony adduced in this case clearly discloses. The theory upon which the Circuit Judge proceeded required the finding by the jury that for six years prior to the institution of the suit the respondent was disabled within the language of the policy and also that he had been disabled for two years prior to that, so as to enable the respondent to rest his case on the proof filed by him in 1932, before he became sixty years old. None of the medical testimony dealt with any such continuous and extended period of disability. And the other

evidence offered in support of respondent's claim at no point supports a factual basis for the assertion that the respondent was in fact continuously, totally and permanently disabled; whatever the applicable legal principle may be, the fact is that in this particular case the issue of law and fact as to the extent of respondent's disability is extremely close, and that the appellant did not have the benefit of its contractual right to re-examine the situation from year to year, and to demand proof from year to year of the continuous disability, by reason of the conduct of the respondent. This is not a case like that of the *New York Life Insurance Company v. Talley,* 8 Cir., 72 F. (2d), 715, where the insurer accepted the proof of disability and made payments for a time, thereafter discontinuing the same without having even complied with the provisions of its own policy respecting the determination whether the disability that admittedly existed when the disability payments were first made continued; in such a situation, as the Court held in the case cited, the insurer suffered no serious prejudice from the fact that the insured delayed for a period of years in asserting his claim by suit, without having filed any new proofs or made any new demands in the intervening period. The issue in such a case, when the disability payments are stopped, is not whether the insured was totally and permanently disabled at the time he filed his proof, but whether there has been a change in his condition in this respect since the proofs were filed. The burden in such a situation is upon the insurer, and it is on full notice to protect its rights by doing whatever may be advisable in that regard.

In the situation here presented, however, the burden was on the insured and he and his insurer were in complete accord, as far as the insurer could ascertain and as the record itself discloses, that no rights to disability benefits under the policy had arisen.

In the light of the foregoing it is my opinion that the respondent failed to comply with the requirement of his policy that he file proof of disability before the anniversary of the

policy on which the insured's age at his nearest birthday is sixty years, and that he is not entitled to recover in this action.

It is to be borne in mind that under the provisions of the policy involved in the present case, the disability payments begin on the anniversary of the policy following the receipt of proof; this can have no other meaning than that the payments shall begin when the proof has been received by the appellant, and accepted by it as sufficient, or adjudicated to be sufficient, though of course in the case of an adjudication, the liability dates back to the time of filing of the proof. Here, for all practical purposes, there was an agreement between the parties that no proof had been filed within the required time, and there is no suggestion in the record that the respondent was in any respect misled, or that he acted under pressure or inducement of any kind. His present position is that in 1940, he reached the conclusion that he was in error, on a matter over which he had full control and of which he had full knowledge, in a clearly implied agreement he made with the appellant in 1932.

In thus limiting the statement of my views I am not to be understood as concluding that the respondent has made out a case of total and permanent disability within the language of his policy. In the management of his little farm he is still able to do practically everything that is necessary to operate it except the manual labor, and the record is not clear that he has ever done very much of this. But in view of the conclusion that the suit is not maintainable on other grounds, it is not necessary to go into this debatable issue.

Irrespective of the final holding of the Court on this appeal, I desire specifically to go on record as being of the opinion that under the circumstances of this case where the respondent continued to voluntarily pay the annual premiums on the policy of insurance with full knowledge of all of the facts as to the condition of his health, and disability, he is precluded from recovering these premiums so paid.

MR. JUSTICE CARTER concurs.

Mr. Justice Stukes (dissenting):

I am unable to agree that the judgment of the Circuit Court in this case should be reversed upon the ground that it is entirely barred by the Statute of Limitations cited in the able opinion of the Chief Justice. The latter is concluded with the statement that the insured did not file satisfactory proof of loss before reaching the age of sixty years, despite the policy stipulation therefor and was allowed to recover on a claim of disability accruing after he had reached the stated age.

The proof of claim for disability benefits was prepared and submitted considerably before the insured attained the age of sixty and appears to have been upon forms furnished by the insurer and was accompanied by certificates of physicians. The record contains a letter dated July 12, 1932, from the cashier of the Savannah (Georgia) branch office of the insurer to the claimant wherein is quoted a letter from the home office dated July 8th, as follows: .

"Please advise the Insured under the above numbered policy that the Company has now completed its investigation in respect to his claim for disability benefits and from the evidence submitted and information obtained by the Company, it does not appear to the Company that he is totally and presumably permanently disabled, within the meaning of the provision in the policy. It does not appear that he will be for life (prevented ) from pursuing some gainful occupation. The Company is not justified, therefore, in approving claim for disability benefits.

"Explain to the Insured that the provision in the policy referring to disability benefits applies to total disability of a permanent nature only, and not to total disability of a temporary nature."

Whether under the provisions of this policy the "due proof" referred to, of disability before age sixty, must be received by the insurer before the insured reaches such age need not be determined in this case for in view of the foregoing letter in evidence there is no doubt of its receipt in

such time by the insurer and there is likewise no doubt of its action thereupon. It refers to consideration of the evidence submitted "and information obtained by the Company," necessarily other information.

The purpose of the requirement of the submission of proof was very evidently accomplished for it put the insurer on notice of the claim and its letter declining it shows that it made its own investigation. *Wade v. Metropolitan Life Insurance Company,* 179 S. C., 70, 183 S. E., 589; *Pagni v. New York Life Insurance Company,* 173 Wash., 322, 23 P. (2d), 6, and note, 93 A. L. R., 1325, 1342. "Due proof" in the policy provision cannot, of course, mean proof necessarily convincing to the insurer of its liability upon the claim, else there would be no litigation of such claims and it is well known that disputes thereabout are a fruitful source of litigation.

The situation existing in this case was well described in the order on Circuit adopted by this Court as its judgment in *Corley v. Atlantic Life Insurance Company,* 179 S. C., 95, 183 S. E., 596, 598, as follows: "If the company declined to honor the claim and concluded that he was not entitled to the protection thereby afforded and the insured thought himself aggrieved thereby, he could have instituted an appropriate proceeding for the recovery of these benefits. Thereupon the court would have concluded whether under the facts and obtaining law, liability rested upon the defendant to waive the payment of premiums and grant the monthly income payments."

However, here the plaintiff did not bring his action for approximately eight years after the submission of his proof of claim and the insurer's declination to honor it. Is he deprived by the Statutes of Limitations of the benefits of the policy provision as to those (benefits) accruing within six years last prior to the time of the commencement of the action? I do not think so, because the benefits accrued annually, both as to the payments which equalled one-tenth of the face of the policy and the waiver of the payment of the an-

nual premiums. The policy constitutes a single contract but is divisible by its terms so as to give rise to more than one cause of action; each default or violation may be the subject of an independent action. 81 A. L. R., 380, 99 A. L. R., 1172, 29 A. J., 882, Insurance, Section 1169. This statement is subject, of course, to the rule that all sums due at the time of commencement of an action must be included therein. *Floyd v. Insurance Company,* 187 S. C., 344, 351, 197 S. E., 385.

It is well settled in this State that in such an action as this recovery can be had only of the benefits accruing up to the time of the commencement of the action. *Black v. Jefferson Standard Life Insurance Company,* 171 S. C., 123, 171 S. E., 617; *Odiorne v. Prudential Insurance Company,* 176 S. C., 69, 179 S. E., 669; *Ellis v. Kansas City L. Insurance Company,* 187 S. C., 334, 197 S. E., 398. The bedrock of these decisions is that each dishonored obligation for a disability payment or premium waiver is a separate and distinct cause of action and the converse of their holdings must be, I think, that only the disability benefits (payments and waivers of premiums) which antedate the action more than six years are barred by the Statute of Limitations.

In the case of *Black v. Jefferson Standard Life Insurance Company, supra,* about twenty months elapsed between the beginning of the disability and the submission of proof and it was held that only those disability payments maturing and the policy premiums paid after submission of the proof were recoverable. In this case the recovery under review was only of benefits accruing and premiums paid after submission of the proof of claim and within six years before the time of the commencement of the action.

The effect of the trial and verdict of the jury, which I see no reason in the record to disturb, was the finding that the insured had become wholly and, presumably, permanently disabled, within the terms of the policy, before he reached the age of sixty years, but recovery was limited by the application of the statute to the period of six years next preceding

the action. The insurer has not been prejudiced; in fact it has by the failure of plaintiff to sooner sue been saved the disability payments and the policy premiums which accrued during the years for which recovery is now barred by the statute. The insured has wronged only himself by his delay in bringing suit.

The fact that the total annual premium was decreased under the terms of the policy when the insured reached the age of sixty years is unimportant. It had been added to cover the insurer's risk of the disability of the insured beginning before that age, the very loss for which this action was brought and the recovery had. It appeared in *Owens v. Metropolitan Life Insurance Company,* 178 S. C., 105, 182 S. E., 322, that there was no additional premium on account of a similar policy provision or at least that the premium was the same before and after age sixty, and it made no difference.

The case of *Lincoln Life Ins. Co. v. Ghio,* 8 Cir., 111 F. (2d), 307, relied upon by the Chief Justice, is, I think, inapplicable here. In that case no notice or proof of claim of disability within the terms of the policy was given the insurer before the insured reached the age of sixty years which was found and held to be a condition precedent to liability under the policy provision there involved. Here there was notice and proof submitted to the insurer before age sixty, whether or not then required by the terms of the policy involved.

Question similar to this was presented to the Court of Appeals of Georgia in its case of *Metropolitan Life Insurance Company v. Foster,* 1936, 53 Ga. App., 21, 184 S. E., 660, wherein the unanimous opinion was written by Chief Justice Broyles. There the policy provided sixty monthly installments in case of disability. The latter was alleged and proven to have occurred on January 3, 1926, and plaintiff brought this action in 1934, conceding that the first twenty monthly installments (of the sixty provided for in the policy) were barred by the Statute of Limitations and asked only for recovery of the last forty. The first installment ac-

crued on October 4, 1926, on which date the company denied liability by letter. Disposition of the question was the same as that above suggested, and the Court said: "Since, under the policy, the insurance was not due in a lump sum at the time of the injury, but was due in sixty monthly installments of $72 each, the cause of action was not barred. \* \* \* ' "Where a judgment is made payable in installments, the statute of limitations applies to each installment separately, and does not begin to run on any installment until it is due." ' " .

To the same effect are *Atlantic Life Insurance Company v. Serio,* 171 Miss., 726, 157 So., 474; *Aetna Life Insurance Company v. Langston,* 189 Ark., 1067, 76 S. W. (2d), 50, and *Pacific Mutual Life Insurance Company v. Jordan,* 1935, 190 Ark., 941, 82 S. W. (2d), 250. In the last-cited case disability occurred in 1926, proof thereof was filed with the insurer in 1927 and action was brought in 1934; the syllabus of the Court is: "Action on policy of disability insurance for monthly disability benefits held not barred by five-year statute of limitations, though recovery was limited to five-year period immediately preceding filing of action."

Mr. Justice Fishburne concurs.