## MUTUAL LIFE INS. CO. OF NEW YORK v. LANDRY.

## LANDRY v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 11186.

Circuit Court of Appeals, Fifth Circuit.

April 14, 1945.

Rehearing Denied May 15, 1945.

Richard B. Montgomery, Jr., of New Orleans, La., for Mutual Life Insurance Company of New York.

Donald Labbé, of Lafayette, La., for Joseph Alcide Landry.

Before HUTCHESON and McCORD, Circuit Judges, and COX, District Judge.

HUTCHESON, Circuit Judge.

Appellee, Landry, is the insured in a life insurance policy which under conditions named in clause 3 [1] entitled him to "disability benefits in event of total and permanent disability before age sixty". On March 26, 1943, while no premium was in default, but after he had attained the age of sixty years, plaintiff advised the company that he had been totally and permanently disabled since 1937, and applied to it for disability forms. His request rejected on the ground that he was not entitled to disability benefits because he had not, as required by the policy, made proof of disability before attaining the age of sixty years, he filed an informal claim and then brought this suit. Claiming in it that a provision [2] in a rider, entitled "Supplementary Benefits to Section Entitled 'Benefits in Event of Total and Permanent Disability Before Age 60'", had, where the premiums were not in default, done away with the condition that proof be furnished before attaining the age of sixty, he sought payment for the amounts accrued and to accrue and for statutory attorney's fees.

Tried to the judge without a jury, there were findings fully supported by the evidence, (1) that plaintiff became totally and permanently disabled in May, 1938, (2) that he became sixty years of age on August 4, 1942, (3) that he did not file proof of disability until some months later, in March, 1943. Concluding, however, that the rider providing supplementary benefits "If proof delayed and no premium in default" had done away with the condition of Section 3, requiring proof before attaining age sixty, the district judge gave judgment for plaintiff on the policy. Holding, how-

[1] "When Benefits Become Effective—If, before attaining the age of sixty years and while no premium on this policy, is in default, the insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will grant the following benefits during the remaining lifetime of the insured so long as such disability continues."

[2] "Benefits If Proof Delayed and No Premium in Default.—If, while no premium is in default, the proof furnished the Company under the section providing for 'Benefits in Event of Total and Permanent Disability before Age 60' is such as to entitle the Insured to the Disability Benefits provided for therein, and if due proof is also furnished the Company that such disability has been continuous since its beginning, the Company will:

"(a) Begin the monthly income payments provided for in such section as of the end of the first completed month for such disability if earlier than the date of receipt of such proof instead of as of the date of receipt of such proof, and,

(b) Return any premium due after the beginning of such disability which has been paid during the continuance thereof."

ever, that the question was a close one and that the defense had been in good faith, he denied the recovery of statutory attorney's fees. The defendant has appealed from that part of the judgment awarding plaintiff disability benefits, the plaintiff from that part of it denying him attorney's fees.

We think it clear that the judgment for plaintiff may not stand. While a few cases may be found holding that a provision, like that of December 3, that the insured must furnish the company proof of disability before attaining the age of sixty is not a condition of recovery,[3] the overwhelming weight of authority is the other way.[4] But more important for us, it is settled in Louisiana, from which this case comes, that such a provision is a condition of, and compliance with it is essential to recovery.[5] The district judge held, and plaintiff concedes, that, but for the supplementary provision, this would be so here. An examination of the relied on supplementary provision makes it clear, we think, that it does not have the effect claimed for it. Its language is clear and unambiguous[6] and yields its meaning without resort to construction aids. Its purpose and effect are plain. These are to enable the assured, under the conditions it fixed, ((1) that no premium is in default, and (2) that the proof furnished is such as to entitle the insured to the disability benefits provided for in Section 3), to have the disability benefits start from the beginning of the disability, instead of, as provided in Section 3, from the receipt of the proof. It, therefore, provides that upon compliance with the supplementary provision, the company will: (a) Begin the monthly income payments provided for in Section 3 as of the end of the first completed month of such disability if earlier than that of receipt of such proof instead of as of the date of such proof, and (b) return any premium paid after the beginning of such disability. Appellee's argument that the purpose of the clause was to entirely do away with the condition that proof be furnished before attaining age sixty falls, upon reading in the supplementary clause, "If, while no premium is in default, the proof furnished (under Section 3) is such as to entitle the insured to the disability benefits provided for therein." His argument that the failure of the supplementary clause to, in terms, require proof of liability before sixty, is a release of that requirement and that Section 3 benefits are available if only premiums are not in default, proves too much. Such a clause would not provide supplementary benefits to, it would do entirely away with, Section 3. Nor is there any more substance in appellee's point that the second of the two supplementary clauses,[7] "Benefits if premium in default not over six months", repeats the Section 3 provision that proof must be made before the insured shall have attained the age of sixty years, and the first clause does not. Each having as its predominant purpose dating benefits back, each is addressed to, each deals with, a different situation. Clause one, dealing with a normal

---

[3] Smith v. Mutual Life Ins. Co., 188 Ark. 1111, 69 S.W.2d 874; Mutual Life Ins. Co. of New York v. Smith, 257 Ky. 709, 79 S.W.2d 28.

[4] Epstein v. The Mutual Life Ins. Co. of N. Y., 143 Misc. 587, 257 N.Y.S. 772, affd. 236 App.Div. 843, 260 N.Y.S. 936 (1st Dept.); Birnbaum v. The Mutual Life Ins. Co. of N. Y., 170 Misc. 83, 9 N.Y.S.2d 928; Dovel v. Natl. Life Ins. Co., 229 Ala. 378, 157 So. 882; Jenkins v. The Mutual Life Ins. Co. of N. Y., 130 Pa.Super. 442, 198 A. 486; Lincoln Natl. Life Ins. Co. v. Ghio, 8 Cir., 111 F.2d 307; Goldman v. New York Life Ins. Co., 115 N.J.Eq. 535, 171 A. 541; Burchfield v. Aetna Life Ins. Co., 230 Ala. 49, 159 So. 235; Bennett v. N. Y. Life Ins. Co., 197 S.C. 498, 15 S.E.2d 743, C/f Boyett v. U. S., 5 Cir., 86 F.2d at page 67.

[5] Clesi v. National Life & Accident Ins. Co., La.App., 193 So. 897, affd. 195 La. 736, 197 So. 413.

[6] Birnbaum v. Mut. Life Ins. Co., 170 Misc. 83, 9 N.Y.S.2d 928; Wolfe v. Mutual Life Ins. Co., 3 Tenn.App. 199; Moscov v. Mutual Life Ins. Co. of N. Y., 387 Ill. 378, 56 N.E.2d 399.

[7] "Benefits if Premium in Default Not Over Six Months.—If, not later than six months after the due date of any premium in default and provided no previously due premium is also in default, due proof is received by the Company before the Insured shall have attained the age of sixty years that the Insured was totally and permanently disabled, as defined in the section entitled 'Benefits in Event of Total and Permanent Disability before Age 60', at the date when such premium in default fell due, and has been continuously so disabled since said due date, the Policy will be reinstated without evidence of insurability and the waiver of premium and disability income benefits shall be the same as if such default had not occurred."

section three situation, where premiums are not in default, and the proof is made as required in the section, confers only the supplementary benefit of dating the disability from its beginning instead of from its proof. Clause two, dealing with one where premiums are in default, and, therefore, not a normal section three situation, adds to the benefit of dating the disability back conferred in clause one, the additional benefit of waiver of a six months' default in premiums. Dealing as it did, not with a normal Section 3 condition, "premiums not in default", it could not, without a contradiction in terms, have, as the first clause did, provided that the proof must be such as to entitle the insured to the benefits provided under Section 3. It had to provide in terms that proof of disability must be furnished before sixty. To argue, as appellee does, that the insurer intended by the rider to waive proof before sixty, in a case where premiums were not in default, but to require it where they were six months in default, finds no support either in the language used or in the predominant purpose of the supplementary clauses, to begin the benefit payments from the date of disability instead of the date of proof. The judgment is reversed, and the cause is remanded for further and not inconsistent proceedings.

McCORD, Circuit Judge (dissenting).

The crux of this litigation is whether the first paragraph of the rider to the policy entitled the insured to disability benefits from the date he became totally and permanently disabled, which was before he became sixty years of age, although he gave the insurer no notice of his disability prior to attaining the age of sixty years. A writing is ambiguous when it is subject to different reasonable interpretations. The court below held that this rider was clear and unambiguous, and that it did not require proof of disability before reaching the age of sixty. The majority of this court holds that the rider is clear and unambiguous and does require proof before age sixty. My study of the language of the rider, read alone and in conjunction with related provisions of the policy, convinces me that the rider is reasonably susceptible of both interpretations; hence, it is ambiguous.

Section 3 of the policy provides that the disability benefits therein provided become effective if (1) proof of disability is furnished before the insured becomes sixty years of age, and (2) no premium is in default. The second portion of the rider provides that the disability benefits therein provided attach if (1) proof of disability is furnished before the insured reaches the age of sixty, and (2) no premium is in default more than six months. The disability benefits payable under the first paragraph of the rider become effective if (1) no premium is in default, (2) the proof of disability furnished is such as to entitle the insured to benefits under Section 3 of the policy, and (3) due proof is made that the disability was continuous.

It must be noted that, though each of the other sections specifically require proof before age sixty, that express language is omitted from the first paragraph of the rider. Such a provision might easily have been inserted. It was surrounded in the policy by related clauses including such a provision. Is not the studied omission enlightening? Does it not bring into play the principle inclusio unius est exclusio alterius? But it is said that the requirement that the proof of disability must be such as to entitle the insured to benefits under Section 3 reads into the rider all the conditions imposed by Section 3. If this were true there would be no reason for including in the rider the condition that all premiums be paid, for that was also a condition under Section 3 and the repetition would serve no useful purpose. Moreover, it is not required that the proof of disability be such, *and be submitted within such time,* as to entitle the insured to the disability benefits. I think the most reasonable construction of the language used is to conclude that it referred only to the substance and quantum of the proof evidencing the existence of total and permanent disability. Even if it be granted that the contrary is also a reasonable interpretation, we are met with and must apply the rule that the ambiguity must be resolved most favorable to the insured.

Finally, there is a profound difference in the rights conferred by the respective clauses that may explain the intentional imposition of different requirements. In both Section 3 and the second clause of the rider, wherein the condition of proof before age sixty was employed, the right to benefits did not mature until proof of disability had been furnished. No benefits accrued thereunder, even though disability existed, unless and until the proof of disability was made, and then the benefits were payable prospec-

tively only. Under the first clause of the rider, however, disability benefits began to accrue the moment the insured became totally and permanently disabled. The giving of proof of disability was not a condition precedent to the accrual of the benefits, it was only a condition precedent to the enforcement of the rights accrued. This important distinction, and its force and effect, is ably discussed in Boyett v. United States, 5 Cir., 86 F.2d 66, to which reference is here made, and in Mutual Life Insurance Co., v. Drummond, 8 Cir., 111 F.2d 282, which involved policy provisions identical with those considered here.

The rider sets a trap to catch the unwary. Moreover, I have shown clearly that it is ambiguous, and judicial decision invites a construction most favorable to the insured. Boyett v. United States, 5 Cir., 86 F.2d 66; Minnesota Mutual Life Insurance Company v. Marshall, 8 Cir., 29 F.2d 977; Daniel v. Life Ins. Co. of Virginia, Tex. Civ.App., 102 S.W.2d 256, 260; Williams v. Union Central Life Insurance Co., 291 U.S. 170, 180, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693.

For these several reasons I dissent.