## MINNESOTA MUT. LIFE INS. CO. v. MARSHALL.

Circuit Court of Appeals, Eighth Circuit.
December 28, 1928.

No. 8153.

Wilfrid E. Rumble, of St. Paul, Minn. (Michael J. Doherty, Robert O. Sullivan, and Doherty, Rumble, Bunn & Butler, all of St. Paul, Minn., on the brief), for appellant.

Seth W. Richardson, of Fargo, N. D. (C. C. Wattam, of Fargo, N. D., on the brief), for appellee.

Before STONE and LEWIS, Circuit Judges, and MARTINEAU, District Judge.

MARTINEAU, District Judge. This is a suit by the plaintiff, James Marshall, to recover the face of an insurance policy issued by the appellant upon the life of his son Arthur P. Marshall, Jr. The policy was dated October 14, 1925, and the annual premiums were due on October 14th of each year thereafter. The policy provided for a grace period of one month within which premiums after the first might be paid. The second annual premium which became due October 14, 1926, was not paid during the grace period. The insured died on November 29, 1926. He had been operated on for appendicitis on November 16th, and never recovered. The insurance company refused to pay the policy, claiming that it had lapsed for nonpayment of the second annual premium. The plaintiff recovered in the court below upon the theory that the insured became permanently and totally disabled prior to the expiration of the grace period, and that for that reason the second annual premium did not have to be paid.

Arthur P. Marshall, Jr., the insured, lived alone upon a North Dakota farm, three miles south of Ayr, where his father and mother resided. On this farm he kept horses, cows, hogs, and poultry. On the morning of November 16th, he came to his father's home sick, and upon the afternoon of the same day was operated upon for appendicitis in a hospital in Fargo, N. D. The doctors who operated upon him testified that his appendix had bursted, and that he was suffering from peritonitis, from which he died. Their opinion, based upon the conditions which they found during the operation, was that he had been suffering from appendicitis for several days prior to November 16th, the date of the operation; that on account of his sickness he would have been disabled and prevented from performing the ordinary duties necessary in caring for his farm and stock. His father testified that he was a careful, industrious farmer, and took good care of his stock, his buildings, and his dwelling house; but that when he visited the farm on November 16th he found that the stock apparently had not been fed for several days, the water tank dry, the stables uncleaned, the house in disorder, and without food.

The material facts are not disputed, except that the defendant contends that the testimony is insufficient to sustain the finding of the jury that the insured became permanently and totally disabled prior to November 14th, the expiration of the grace period. ■ The first question to be decided is: Did the provisions of the policy require a waiver

of the payment of the premium which became due October 14, 1926, merely because the insured became totally and permanently disabled during the grace period?

The policy provided that if the insured, while the policy is in full force and effect, and without default in the payment of premiums, "shall become totally and permanently disabled, as hereinafter provided, and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due. * * * Second: Upon the receipt of due proof of total and permanent disabilities as above defined, the Company will waive the payment of all premiums thereafter becoming due."

On the question of when the time of waiver of the payment of premiums begins under policy provisions similar to these quoted, there are two lines of decisions; one holding that proof of disability fixes the time when the waiver begins; and the other holding that the time of waiver is the time of disability, and that a reasonable time thereafter is allowed to make proof of such disability, and that if death occurs before the proof of disability is made, although after the due date of the premium, the insurance company is liable, where the disability arises before the due date of the premium, and continues until death.

█ It is unnecessary to attempt to distinguish the language of the policies upon which these differing opinions are based. They unquestionably put a different construction upon practically the same provisions of insurance policies. They differ as to the construction of the same or similar language. These decisions of themselves establish doubt as to the construction and meaning of the provisions which we are called upon to interpret. It is a familiar rule of construction that where contracts of insurance are prepared by the insurer and there is doubt as to the meaning of their provisions, it will be construed most favorably to the insured.

"It is said that compliance with this provision, even though impossible, was a condition precedent to the securing of insurance. But narrow and unreasonable interpretations of clauses in an insurance policy are not favored. They are prepared by the insurer and if, with equal reason, open to two constructions, that most favorable to the insured will be adopted." Josephine Stipcich v. Metropolitan Life Insurance Co., 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895.

█ Forfeitures are not favored: "The rule is that if policies of insurance contain inconsistent provisions or are so framed as to be fairly open to construction, that view should be adopted, if possible, which will sustain rather than forfeit the contract." McMaster v. New York Life Ins. Co., 183 U. S. 25, 22 S. Ct. 10, 46 L. Ed. 64.

However much the legal mind may differ as to the meaning of these provisions, the ordinary layman would construe them to mean that, in the event he became disabled before his premium fell due, his insurance would be continued until his disability was removed or until his death. That is the natural and reasonable construction to be placed upon the language used in this policy. Any other construction, to my mind, would be contrary to the full purpose of the contract and deprive the insured of one of the principal benefits of his policy. The right of the insured to have his premiums discontinued during disability is one that he had paid for. To make its operation depend upon the time of proof of disability, and not upon the time of disability itself, which was the real thing that he was protecting himself against, renders the provision of the policy under construction inoperative and the right of no value.

If the insured had died during the grace period of his policy, without the payment of the premium which fell due October 14th, no question would be raised as to the right of his beneficiary to recover. Why should a different rule be applied when a disability during the grace period is sustained which renders him totally and permanently disabled? To give the insured the full benefit of his policy, and carry out the intention which was doubtless in the minds of the contracting parties when the policy was written, his policy should not be allowed to forfeit where his disability occurs during the grace period of his policy and continues until his death. Any other construction would be a harsh one and deprive him of a right for which he had paid the insurance company, and which he could only enjoy by employing in advance some agent to protect for him. Why so construe this disability clause in insurance policies as to make it worthless in many cases? Death benefits are good for thirteen months, and are fixed as of the date of death. Why should not the disability benefits be good for the same length of time, and begin as of the date of the disability? This is not an unreasonable and strained construction, and would be more in keeping, perhaps, with the representations made at the time of writing the insurance policy. The same measure of protection should be extended to the insured during the thirteenth

month that he admittedly has during the other twelve months.

Courts taking a different view have unconsciously, in my opinion, been influenced by the belief that the insured did not, if he had lived, intend to continue the insurance. But this should not in any way determine the construction to be placed upon these doubtful provisions, for the right to protection in case of disability has been paid for for the same length of time allowed in case of death. So long as the insured was in good standing, and he became disabled, under the provisions of his policy he had a right to protection.

A construction making the disability benefits to begin as of the time of proof might be all right where such benefits are sought while the insured is living, but a disability provision such as the one to be construed here, where the disability occurs near the due date of the premium and continues until death, is made worthless by holding the proof of disability and not the disability itself makes it operative. Such a construction is harsh and unreasonable and ought not to be adopted if the language used is susceptible of one more favorable to the insured. Southern Insurance Co. v. Hazard, 148 Ky. 465, 146 S. W. 1107; Merchants' Life Insurance Co. v. Clark (Tex. Civ. App.) 256 S. W. 969.

It is next insisted that the due date of the premium was October 14th, and that after that time it was past due. An obligation is due during the entire period during which it may be paid, whether that period extends over one day, three days, or thirty days. The premium was not really due, in the sense that the failure to pay it would result in a forfeiture of the policy, until the grace period had expired.

The word "permanently" in this policy is not used in its ordinary meaning, since the policy expressly reserves the right to collect premiums again should the disability be removed. Length of time is not the measure by which a permanent disability was to be determined, according to the provisions of this policy. A complete disability which extended over the date for the payment of a premium, or until the disability resulted in death, is such a disability as would relieve from the further payment of premiums.

Lastly, it is contended that the evidence was not sufficient to sustain the finding of the jury that the insured became permanently and totally disabled prior to the expiration of the grace period. The circumstances testified to by James Marshall, together with the testimony of the doctors as to his condition on November 16th, and their opinion as to the length of time of his illness are sufficient to sustain the finding of the jury.

The cause is therefore affirmed.