BEATRICE HERSCHMAN, Plaintiff, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASS., Defendant.*

City Court of New York, Kings County, October 31, 1935.

* Affd., App. Term, Second Department; affd., —— App. Div. ——, June 29, 1936.

*Levien, Singer & Neuburger*, for the plaintiff.

*Tanner, Sillcocks & Friend*, for the defendant.

RUSSELL, J. The outcome of this non-jury trial is dependent upon a construction of what is known as a " total disability " clause in a policy heretofore issued by defendant on the life of a former husband of plaintiff, since deceased. On October 25, 1922, defendant issued its policy to amount of $2,000 on life of one Felix Herschman, the beneficiary being his then wife, the plaintiff. On or about January 1, 1932, the assured became so ill as to warrant a classification of total permanent disability. He was obliged to relinquish the practice of his profession as a dentist and up to his death on November 26, 1932, he did no manner or kind of work whatsoever. On April 25, 1932, a quarterly annual premium became due; prior thereto the policy had apparently been kept in full force and effect. A " grace period " of thirty-one days is contained in the policy applicable to payment of premiums. Up to the expiration of such period, the premium remained unpaid. The defendant claims on May 26, 1932, after its expiration, the policy became out of benefit and no longer in force. On October 4, 1932, the assured wrote the defendant of his inability to continue this policy, and making inquiry as to procedure to obtain its cash surrender value. Such letter is not pertinent to the issue. On November 2, 1932, the beneficiary wrote the defendant stating that she had recently become aware of the disability clause in the policy. On November ninth following, the defendant replied to effect that the policy had lapsed and that " due proof of such disability will be received while a premium is in default;" evidently this is a stenographic error and what was intended was that proof of disability will *not* be received while a premium is in default. On November 29, 1932, plaintiff caused a letter to be sent notifying the company that the assured had died on November 26 of that year and requesting forms

for proof of claim. On December 2, 1932, the company replied that the policy had lapsed for non-payment of premium.

Such attitude on the part of the company constituted a waiver as to any formality in filing due proof of death in accordance with policy provisions. The same holds true as to proof of disability. (*Cornell* v. *Travelers' Ins. Co.*, 120 App. Div. 459; affd., 192 N. Y. 587; *Lobdell* v. *Broome County Farmers' Fire Relief Assn.*, 151 Misc. 911, and cases therein cited.) It is plaintiff's claim that the fact being insured was not in default of payment of premiums at the date he incurred a total disability within the policy definition, then, though no premium was thereafter paid, and although the defendant declared this policy lapsed, yet, from a proper construction of the disability clause, such lapsation was subject to a condition subsequent, to wit, receipt of notice and due proof of an existing total disability occurring at a time when the policy was in full force and effect and that upon such condition being met the policy revived and became and at all times was effective as a result of the provision of clause 2 of the "Total and Permanent Disability Benefit Provisions," which obviated future premium payments. There must be many outstanding policies of like wording and this decision is of some moment as applicable to all such. Clause 1 of the permanent disability provisions reads: "If after the first premium or regular installment thereof shall have been paid hereunder and under the policy, the insured shall become wholly and permanently disabled by bodily injury or disease sustained or contracted after the date hereof, so that thereby he will be wholly, continuously and permanently prevented from the pursuit of any form of mental or manual labor for compensation, gain or profit whatsoever, then, if there is no premium in default, and the policy is not being continued as paid up or extended insurance under the nonforfeiture provisions thereof, the company will upon receipt of due proof of such disability, grant the following benefits subject to the terms and conditions herein set forth and to the payment of any unpaid balance of premiums for the first year hereunder and under the policy." Clause 2 of the same element of the policy need not be set forth in full, but is to effect that if a total and permanent disability occurs before insured reaches age of sixty, the company will waive the payment of further premiums during continuance of the disability and pay also a monthly sum to insured. The facts are that the instant policyholder was under the age of sixty at all times and that the disability continued to be a permanent and total one to his death. Clause 2, of course, is dependent upon the existence of facts depicted in clause 1 for its application. Clause 1 may for purposes of construction, as far as

this action is concerned, be condensed so as to read: " If   *   *   *
the insured shall become wholly or permanently disabled   *   *   *
*then* if there is no premium in default   *   *   * the company
will upon due proof of such disability, grant the following benefits.
*   *   * " (Italics mine.)

How should this clause be interpreted? According to accepted
principles, as the insured upon reading same might reasonably
understand it and, where the terms of a policy are of doubtful
meaning, a construction favorable to the assured should be made.
(*Finucane* v. *Standard Accident Ins. Co.*, 184 App. Div. 280; *Zivitz*
v. *Maryland Casualty Co.*, 192 id. 83; *Silverstein* v. *Metropolitan
Life Ins. Co.*, 254 N. Y. 81, at p. 84, and citations.) The con-
struction of clause 1 as condensed in applicability to the facts under
consideration seems dependent upon the interpretation to be put
upon the word " then." The company urges its meaning to be that
upon due proof of disability the company will grant benefits if
*then* there be no premium in default. The plaintiff-beneficiary
reasons that the construction should be that if the insured became
wholly and permanently disabled, no premium *then* being in default,
the company following subsequent proof of such disability will
grant benefits enumerated in clause 2.

Bouvier's Law Dictionary defines " then " as an adverb, as
meaning " at that time," and states: " It may also denote a con-
tingency and be equivalent to ' in that event.' " Webster defines
it, adverbially, " at that time,   *   *   *;  adj. existing, acting at,
or belonging to, the time mentioned." Rewording the condensed
clause accordingly, we have: " If   *   *   * the insured shall
become wholly and permanently disabled   *   *   * *at that time*
if there is no premium in default," etc. What would be the intent
to be derived from such wording as indicated to the minds of busi-
ness men of average intelligence, and not by judicial officers or
trained, experienced members of the bar, having in mind the avoid-
ance of a forfeiture if such may reasonably be evaded? (*Zivitz* v.
*Maryland Casualty Co., supra.*) " At that time " should be taken
to mean when the disability is incurred and not, as contended
by defendant, at the time proof of same be tendered. Other com-
panies have adopted wording as to such provisions which renders
misapprehension as to meaning or intent avoidable. (See, for
instance, *Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489; 52 S. Ct.
230; 76 L. Ed. 416.) The predicament of the defendant company
is due solely to its choice of verbiage of doubtful import.

In *Minnesota Mutual Life Ins. Co.* v. *Marshall* ([C. C. A.] 29 F.
[2d] 977, 978) the principles of construction are reiterated and what
was there said as to the rights of the insured seems pertinent here:

" The right of the insured to have his premiums discontinued during disability is one that he had paid for. To make its operation depend upon the time of proof of disability, and not upon the time of disability itself, which was the real thing that he was protecting himself against, renders the provision of the policy under construction inoperative and the right of no value." Applied to the clause in question in the decision under consideration, the language is most fitting. In my opinion to construe this policy provision in favor of the defendant would be a narrow and unreasonable interpretation and involve an unjust forfeiture. Decision for plaintiff.

Two days' notice of entry of proposed judgment. Defendant to have ten and thirty days' stay and proper exceptions. Counsel to secure respective exhibits from my secretary.