LINCOLN NAT. LIFE INS. CO. v. GHIO.

No. 11665.

Circuit Court of Appeals, Eighth Circuit.

May 6, 1940.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

James C. Jones, Jr., of St. Louis, Mo. (James C. Jones, W. A. Welker, and Jones, Hocker, Gladney & Grand, all of St. Louis, Mo., on the brief), for appellant.

Richmond C. Coburn, of St. Louis, Mo. (Hartley Pollock, Jr., Thomas L. Croft, and Thompson, Mitchell, Thompson & Young, all of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a declaratory judgment in favor of an insured (appellee) in a suit brought by appellant upon four policies of life insurance issued by it to the insured on November 6, 1928. Each of these policies contained the same provisions for waiver of premiums in case of the total and permanent disability of the insured. The provisions, so far as here pertinent, read:

"If the Insured, at any time before the policy anniversary nearest to his sixtieth birthday and before the sum insured or any instalment thereof becomes payable and while no premium is in default, shall submit proof satisfactory to the Company that he has become totally and permanently disabled by bodily injury or disease originating after the date hereof, and as hereinafter defined, then:

"The Company will waive the payment of all premiums falling due after receiving such satisfactory proof of disability and during the continuance of such disability of the Insured."

The insured became 60 years of age on December 8, 1936. Prior to that time he had furnished no proof of disability. On December 9, 1938, when he was 62 years old, he submitted proof to the appellant that he had become totally and permanently disabled, within the definition of his policies, on June 14, 1934. The company, in its complaint, alleged that the insured had not become totally and permanently disabled prior to age 60, and that, even if he had become so disabled, the company was not liable for a waiver of premiums, because the insured had failed to submit proof before the policy anniversary nearest

308

to his sixtieth birthday. It prayed for a declaration of nonliability. The insured in his answer asserted that he had become totally and permanently disabled on June 14, 1934; but that he did not discover his disability until on or about December 9, 1938, when he notified the plaintiff and demanded the return of all premiums paid since June 14, 1934. He asked for a declaration that he was entitled to the return of all premiums paid since the date of his claimed disability. In a supplemental answer he modified his claim and asserted the right to a waiver of premiums subsequent to December 9, 1938, the date when proof of disability was furnished the company. After the denial of a motion of the company for a summary judgment, the case was tried to the court and a jury. At the close of the company's evidence, the court directed a verdict for the insured, and judgment was entered accordingly.

A number of errors are assigned, but if the company's contention that the failure of the insured to submit proof of disability prior to the anniversary of the policies nearest to the insured's sixtieth birthday defeated his claim for a waiver of premiums, regardless of when, if ever, he became disabled, is correct, it will not be necessary to consider more than this one question.

The language specifying upon what conditions the company would waive premiums in case the insured became disabled is clear, explicit and unambiguous. The right to the waiver was made clearly dependent upon the insured's submitting proof prior to age 60. Under a disability clause such as this, where the event upon which liability depends and which fixes the time from which premiums are to be waived is the furnishing of proof, and not the occurrence of disability, it is almost universally held that the right of the insured to the disability benefits depends upon the furnishing of the requisite proof as a condition precedent to the liability of the company. See and compare, Mutual Life Insurance Co. of New York v. Drummond, 8 Cir., 111 F.2d 282, opinion filed May 2, 1940.

■ The controlling law in this case is that of Missouri, since the policies in suit are Missouri contracts. The insured contends that under the law of that State the liability of the company does not depend upon the giving of proof by the insured,

but upon the occurrence of disability, and he cites as authority the case of Hablutzel v. Home Life Insurance Co. of New York, Mo.App., 52 S.W.2d 480, affirmed 332 Mo. 920, 59 S.W.2d 639. An examination of the opinions in that case discloses a different situation and a different disability clause. The clause there considered provided: "If, after one full annual premium shall have been paid hereon and before default in the payment of any subsequent premium, the insured shall, before attaining the age of sixty years, furnish due proof to the Company that he has become totally disabled by bodily injury or by disease, so that he is and shall be permanently, continuously and wholly incapacitated for life and prevented thereby from pursuing any gainful occupation, the Company by endorsement hereon shall agree to waive the payment of premiums which may thereafter fall due during the continuance of such disability." The Missouri courts construed the clause as providing for the waiver of all premiums after disability occurred, provided the insured gave notice of disability before reaching age 60. It was held that the evidence disclosed that the company had received notice of the insured's disability before age 60, that his right to a waiver of premiums accrued when he became disabled, and that he then became entitled to a waiver of premiums. In its opinion, the Missouri Court of Appeals referred to Minnesota Mutual Life Insurance Co. v. Marshall, 8 Cir., 29 F.2d 977, a decision of this Court, and to Bergholm v. Peoria Life Insurance Co., 284 U.S. 489, 52 S.Ct. 230, 231, 76 L.Ed. 416. In the Marshall case the disability clause provided [29 F.2d 978]: "If the insured * * * shall become totally and permanently disabled, * * * and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due. * * * Upon the receipt of due proof of total and permanent disabilities as above defined, the Company will waive the payment of all premiums thereafter becoming due." This Court construed that clause as entitling the insured to waiver of premiums from the date of disability, and held that the furnishing of proof was not a condition precedent to liability. In the Bergholm case, the disability clause was as follows: "Upon receipt by the Company of satisfactory proof that the Insured is totally and permanently disabled * * * the Company

will * * * Pay for the Insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the Insured." The Supreme Court of the United States distinguished the Bergholm policy from the Marshall policy by stating that this Court had construed the provisions of the Marshall policy as creating the obligation of the company to waive premiums upon the occurrence of disability if proof of disability was furnished within a reasonable time. It said, with respect to the disability clause of the Bergholm policy (page 491 of 284 U.S., page 231 of 52 S.Ct., 76 L.Ed. 416): "Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof*. The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy."

The Missouri courts, in the Hablutzel case, did not disapprove the rule announced in the Bergholm case. The Court of Appeals said (page 483 of 52 S.W.2d): "The fundamental distinction between the policy provision under review in the Bergholm Case and the provisions under review in the Marshall Case, and in the present case, is this: In the Bergholm Case, the agreement is that, upon receipt by the company of satisfactory proof that the insured is totally and permanently disabled, the company will waive all premiums becoming due after receipt of such proof; whereas, in the Marshall Case, as in the present case, the agreement is that, if the insured shall furnish due proof that he has become totally and permanently disabled, the company will waive the payment of premiums thereafter becoming due. Does this provision mean that the company will waive premiums becoming due after the insured has furnished proof, or after he has become disabled? We construe it to mean that the company will waive premiums becoming due after the insured has become disabled, because this construction is more favorable to the insured, and more in consonance with the

purpose of the provision, which is to give protection to the insured against disability."

The Hablutzel case does not rule this case, because there is no ambiguity in the disability provisions of the policies here involved, because there is no basis in the evidence for a finding that the company was given any notice of disability prior to the time that the insured had reached age 60, and because waiver of premiums was not to commence with the occurrence of disability.

Other Missouri courts, in decisions subsequent to the decision in the Hablutzel case, have recognized the distinction between a disability clause conditioned upon the furnishing of proof and providing for waiver of premiums falling due after proof is furnished and a disability clause requiring the furnishing of proof but providing for the waiver of premiums commencing with the occurrence of disability.

In Moss v. Metropolitan Life Ins. Co., 230 Mo.App. 70, 84 S.W.2d 395, the court followed the Bergholm case and distinguished the Hablutzel case. In the case of Feinburg v. New York Life Ins. Co., 127 S.W.2d 82, decided in 1939, the Kansas City Court of Appeals, in an exhaustive opinion, points out the difference between disability clauses in which the furnishing of proof is a condition precedent to liability and those in which it is not, and discusses the law of Missouri applicable to clauses of both kinds. That court followed the ruling in the Bergholm case, and held that, by the terms of the policy which it was considering, the furnishing of proof was a condition precedent to the liability of the company, since the disability clause provided for a waiver of premiums falling due after the receipt of due proof by the company and the waiver was made dependent upon the furnishing of proof.

Under a disability clause such as that here in suit, we think there can be no doubt that the furnishing of proof of disability before age 60 is a condition precedent to liability on the part of the company for a waiver of premiums, and that the failure of the insured to furnish such proof before age 60 defeated his claim, regardless of the time when his disability, if any, occurred.[1]

---

[1] See and compare, Birnbaum v. Mutual Life Ins. Co., 170 Misc. 83, 9 N.Y.S.2d 928; Jenkins v. Mutual Life Ins. Co., 130 Pa.Super. 442, 198 A. 486; Goldman v. New York Life Ins. Co., 115 N.J.Eq. 535, 171 A. 541; Epstein v. Mutual Life

There are cases dealing with disability provisions some of which were not greatly dissimilar to those under consideration, in which it has been held that the furnishing of proofs before age 60 was not a condition precedent to the liability of the company to waive premiums.[2] It is to be noted that the language of the particular disability clauses considered in such cases was construed as providing that the insured's right to disability benefits should accrue upon the occurrence of disability and not upon the furnishing of proof; that the right of the insured to waiver was not conditioned upon the furnishing of proof prior to age 60, but that such right was merely postponed until proof was furnished.

The clause under consideration here contains no agreement to waive premiums if the insured submits proof of total and permanent disability after age 60; and not only is the furnishing of proof before age 60 made the condition upon which the right of the insured to a waiver depends, but the waiver is not to become effective until proof is furnished. It is impossible to construe this clause as providing that the company will waive premiums if the insured becomes totally and permanently disabled before age 60 and furnishes proof of disability after age 60.

 In Williams v. Union Central Life Ins. Co., 291 U.S. 170, at page 180, 54 S.Ct. 348, at page 352, 78 L.Ed. 711, 92 A.L.R. 693, Chief Justice Hughes uses this pertinent language: "As there is no ambiguity in the provisions under consideration, there is no occasion for resort to the familiar principle that equivocal words should be construed against the insurer. While it is highly important that ambiguous clauses should not be permitted to serve as traps for policyholders, it is equally important, to the insured as well as to the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate language, and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations." See also Travelers Ins. Co.

v. Springfield Fire & Marine Ins. Co., 8 Cir., 89 F.2d 757, 763, and cases cited. The rule in Missouri is not to the contrary. In Prange v. International Life Ins. Co., 329 Mo. 651, 46 S.W.2d 523, 526, 80 A.L.R. 950, 957, the court said: "Courts are without authority to rewrite contracts, even insurance contracts, although it may appear that in some respects they operate harshly or inequitably as to one of the parties; they discharge their full duty when they ascertain and give effect to the intentions of the parties, as disclosed by the contract which they have themselves made." See, also, State ex rel. Mutual Benefit, Health & Accident Ass'n v. Trimble, 334 Mo. 920, 68 S.W.2d 685; Heald v. Ætna Life Ins. Co. of Hartford, Conn., 340 Mo. 1143, 104 S.W.2d 379; State ex rel. Ocean Accident & Guarantee Corp. v. Hostetter, 341 Mo. 488, 108 S.W.2d 17; State ex rel. Prudential Ins. Co. of America v. Shain, Mo.Sup., 127 S.W.2d 675; Soukup v. Employers' Liability Assur. Corp., 341 Mo. 614, 108 S.W.2d 86, 112 A.L.R. 149.

The court below should have granted the appellant's motion for a summary judgment. The judgment appealed from is reversed and the case remanded with directions to enter judgment in favor of appellant.

---

Ins. Co., 143 Misc. 587, 257 N.Y.S. 772; Dovel v. National Life Ins. Co., 229 Ala. 378, 157 So. 882; Burchfield v. Ætna Life Ins. Co., 230 Ala. 49, 159 So. 235.

[2] See and compare, Smith v. Mutual Life Ins. Co., 188 Ark. 1111, 69 S.W.2d 874; Mutual Life Ins. Co. v. Smith, 257

Ky. 709, 79 S.W.2d 28; Metropolitan Life Ins. Co. v. Greene, Tex.Civ.App., 93 S.W.2d 1241; Prudential Ins. Co. of America v. Kendrick, 262 Ky. 297, 90 S.W.2d 52; Equitable Life Assurance Society v. Slaughter, 178 Miss. 366, 172 So. 300.