## Albert Moscov et al., Appellants, v. Mutual Life Insurance Company of New York, Appellee.

### Gen. No. 42,548.

Opinion filed September 27, 1943. Rehearing denied October 11, 1943.

REGINALD A. BARNETT, of Chicago, for appellants.

WINSTON, STRAWN & SHAW, of Chicago, for appellee; LOUIS W. DAWSON, GEORGE B. CHRISTENSEN and EDWARD J. WENDROW, all of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

October 31, 1939, Theodore Moscov, by Nathan Moscov, his next friend, brought suit against the Mutual Life Insurance Company of New York on a policy issued by it, to recover disability benefits and the re-

turn of premiums paid by him. Pending the suit plaintiff died and the beneficiaries named in the policy were substituted as plaintiffs. At the close of plaintiffs' evidence the court directed a verdict for defendant upon which judgment was entered and plaintiffs appeal.

The record discloses that January 12, 1928, defendant issued its policy of insurance whereby, in consideration of premiums paid and to be paid, it agreed to pay to plaintiffs, as beneficiaries, $2,000 upon proof of the death of the insured or $4,000 if his death resulted from bodily injuries through external, violent and accidental means. The policy further provided that "if the Insured is totally and presumably permanently disabled before age 60," the company would pay to the insured $20 monthly during such disability, "increasing after five and ten years continuous disability, besides waiving premium payments, all upon the conditions set forth in Section 3." The pertinent part of Section 3 is: "Benefits in Event of Total and Permanent Disability before Age 60. . . .

"When Benefits become Effective.—If, before attaining the age of sixty years and while no premium on this Policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will grant the following benefits during the remaining lifetime of the Insured so long as such disability continues.

"Benefits. (a) Increasing Income.—The Company will pay a monthly income to the Insured of the amount stated on the first page hereof ($10 per $1,000 face amount of Policy), beginning upon receipt of due proof of such disability and increasing after sixty consecutive monthly payments have been made to one and one-half times such amount and after sixty further consecutive monthly payments have been made . . .

"(b) Waiver of Premium.—The Company will also, after receipt of such due proof, waive payment of each premium as it thereafter becomes due during such disability."

The policy is printed and on the back of it the following is also printed: "Supplementary Benefits to Section Entitled *'Benefits in Event of Total and Permanent Disability before Age 60.'*

"Benefits if Proof Delayed and no Premium in Default.—If, while no premium is in default, the proof furnished the Company under the section providing for 'Benefits in Event of Total and Permanent Disability before Age 60' is such as to entitle the Insured to the Disability Benefits provided for therein, and if due proof is also furnished the Company that such disability has been continuous since its beginning, the Company will;

"(a) Begin the monthly income payments provided for in such section as of the end of the first completed month of such disability if earlier than the date of receipt of such proof instead of as of the date of receipt of such proof, and,

"(b) Return any premium due after the beginning of such disability which has been paid during the continuance thereof."

March 18, 1938, a certificate of a physician was given the defendant company, notifying it that the insured, Theodore Moscov, was suffering from paralysis agitans and had been unable to follow his usual work since August 11, 1933. Demand was made on the company to pay the disability benefits beginning August 11, 1933, and to return the premiums which had been paid since that date. This the company refused to do claiming they were not liable under the policy since it had not been notified of the disability on or prior to May 15, 1934, the date on which Moscov was 60 years of age. Afterward this action was brought.

As stated by their counsel plaintiffs contend that the "Giving of notice of disability before age sixty was not a condition precedent. The rider changed the policy from one which required notice before age sixty to one in which the insured's right to disability benefits accrued and became absolute on date of disability before age sixty." And counsel says that if the policy did not have printed on the back the rider or "Supplementary Benefits" above quoted, the furnishing of proof of disability by the insured before he reached the age of 60 would be a condition precedent. This is a correct construction of the policy, *Jabara v. Equitable Life Assur. Soc.*, 280 Ill. App. 147. But counsel says that this provision of Section 3 requiring the giving of notice as a condition precedent was eliminated by the rider. We are unable to agree with this contention. The so-called rider is contrary to Section 3 of the policy as to (1) when the first disability benefit is due and payable, and (2) the return of the premiums paid during disability. Section 3 of the policy provides that defendant company will make disability payments "beginning upon receipt of due proof of such disability," while the rider provides that if there is delay in making the proof of disability, the monthly payments will begin from the *time* of the disability, and not from the receipt of proof of disability. Section 3 also provides that after the company receives proof of disability they will waive the payment of premiums from that time, while the so-called rider says that any premiums made after disability will be returned by the company. It is difficult to conceive how any policy could be drawn with such inconsistent provisions but one of the reasons may be that the policy was so long that this caused the inconsistencies mentioned. We have many times suggested that policies should be short. *Kiefer Tanning Co. v. Alliance Ins. Co.*, 266 Ill. App. 362; *Wisz v. Metropolitan Life Ins. Co.*, 277 Ill. App. 343.

We think that the rider did not eliminate the provision of the policy requiring that proof of disability be made before the insured was 60. The language of the policy in this respect is unambiguous and therefore must be construed as any other contract.

Counsel for plaintiffs further contends that "Even if the giving of notice before age sixty were a condition precedent, the insured was excused from giving notice before age sixty because of the impairment of his mental faculties."

There was some evidence tending to show that plaintiff was suffering from mental and physical disabilities and counsel says if such "impairment of his mental faculties," would excuse Moscov from making the proofs before age 60 the court should not have directed a verdict. But the question of such disability should have been submitted to the jury. This is conceded by counsel for defendant. They say: "For the purposes of argument we shall assume there was evidence to warrant the jury finding the insured was insane before age 60, although as we have hitherto pointed out, this is not the fact." But they say that under the law of Pennsylvania (the policy in question having been issued in that State) or under the law of Illinois, the insanity of the insured does not excuse the making of proof of disability before the age of 60.

Many cases are cited, discussed and applied by counsel for plaintiffs, two of which are, *Mutual Life Ins. Co. of N. Y. v. Drummond* (C. C. A.), 111 F. (2d) 282, and *Mutual Life Ins. Co. v. Heilbronner,* 116 F. (2d) 855, which hold that insanity excuses the insured from making proof of disability during the period of the insanity. Likewise many cases are cited by counsel for defendant which they say hold directly to the contrary, some of which are, *Courson v. New York Life Ins. Co.,* 295 Pa. 518, 145 Atl. 530; *Farmers Trust Co. v. Reliance Life Ins. Co.,* 140 Pa. Super. 115, 13 A.

(2d) 111; *Bennett v. New York Life Ins. Co.* (Idaho), 121 P. (2d) 551.

The point has not been decided by our Supreme Court and the case of *Continental Nat. Bank & Trust Co. v. New York Life Ins. Co.*, 257 Ill. App. 651, in which case the opinion was not published, cited by defendant we think, can be distinguished. The question has not been passed upon by our Supreme Court.

We have considered all of the cases cited by counsel in their able briefs on this question but we think it unnecessary to discuss them for we have reached the conclusion that the law of Pennsylvania is that the insanity of the insured does not excuse the making of proof required by insurance policies. *Farmers Trust Co. v. Reliance Life Ins. Co.*, 140 Pa. Super. 115, 13 A. (2d) 111. In *Mutual Life Ins. Co. of N. Y. v. Johnson*, 293 U. S. 335, where the evidence was to the effect that the insured was "totally and permanently disabled, not only physically but mentally, to such an extent that he was unable to give notice to the insurer in advance of the default" in payment of premium, Mr. Justice CARDOZO, in delivering the opinion of the court cited many authorities on each side of the proposition and said: "In this situation we are not under a duty to make a choice for ourselves between alternative constructions as if the courts of the place of the contract were silent or uncertain. Without suggesting an independent preference either one way or the other, we yield to the judges of Virginia expounding a Virginia policy and adjudging its effect. The case will not be complicated by a consideration of our power to pursue some other course. The *summum jus* of power, whatever it may be, will be subordinated at times to a benign and prudent comity. At least in cases of uncertainty we steer away from a collision between courts of state and nation when harmony can be attained without the sacrifice of ends of national importance."

The policy in suit was issued in Pennsylvania and is to be construed according to the laws of that State of which under our statute, we take judicial notice, Ill. Rev. Stat. 1941, ch. 51, pars. 48a, 48g [Jones Ill. Stats. Ann. 107.122, 107.123 (1)].

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT and NIEMEYER, JJ., concur.