**LANDRY v. MUTUAL LIFE INS. CO. OF NEW YORK.**

**Civil Action No. 889.**

District Court, W. D. Louisiana, Opelousas Division.
March 10, 1944.

Voorhies & Labbe, of Lafayette, La., for plaintiff.

Montgomery, Fenner & Brown, of New Orleans, La., for defendant.

PORTERIE, District Judge.

The plaintiff, Joseph Alcide Landry, is the holder of a life insurance policy with the defendant company, issued September 12, 1929, in the amount of $5000. On the very first page of this policy—the page in the boldest print and the page which has the skeleton of the contract and which ends with the signature of the President, of the Secretary and of the Registrar of the Company—there is found this language:

"AND

if the Insured is totally and presumably permanently disabled before age 60,

"WILL PAY

to the Insured Fifty Dollars monthly during such disability, increasing after five and ten years continuous disability, besides waiving premium payments, all upon the conditions set forth in Section 3."

Many of the conditions of the contract are on other pages, not solely on the first page, and are referred to in the skeleton contract of the first page by sectional notations. "Section 3" which is found on the second page of the contract is as follows:

"Section 3. Benefits in Event of Total and Permanent Disability Before Age 60.

"Total Disability.—Disability shall be considered total when there is any impairment of mind or body which continuously renders it impossible for the Insured to follow a gainful occupation.

"Permanent Disability.—Total disability shall, during its continuance, be presumed to be permanent;

"(a) If such disability is the result of conditions which render it reasonably certain that such disability will continue during the remaining lifetime of the Insured; or,

"(b) If such disability has existed continuously for ninety days.

"When Benefits Become Effective.—If, before attaining the age of sixty years and while no premium on this Policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will grant the following benefits during the remaining lifetime of the Insured so long as such disability continues.

"Benefits. (a) Increasing Income.—The Company will pay a monthly income to the Insured of the amount stated on the first page hereof ($10 per $1,000 face amount

of Policy), beginning upon receipt of due proof of such disability and increasing after sixty consecutive monthly payments have been made to one and one-half times such amount and after sixty further consecutive monthly payments have been made to twice such amount at which it shall remain while total and permanent disability continues.

"(b) Waiver of Premium.—The Company will also, after receipt of such due proof, waive payment of each premium as it thereafter becomes due during such disability."

When you fold the document in six, for filing or safekeeping, a rider on one of the back flaps comes to immediate notice, reading as follows:

"Supplementary Benefits to Section Entitled 'Benefits in Event of Total and Permanent Disability Before Age 60'.

"Benefits if Proof Delayed and no Premium in Default.—If, while no premium is in default, the proof furnished the Company under the section providing for 'Benefits in Event of Total and Permanent Disability before Age 60' is such as to entitle the Insured to the Disability Benefits provided for therein, and if due proof is also furnished the Company that such disability has been continuous since its beginning, the Company will:

"(a) Begin the monthly income payments provided for in such section as of the end of the first completed month of such disability if earlier than the date of receipt of such proof instead of as of the date of receipt of such proof, and,

"(b) Return any premium due after the beginning of such disability which has been paid during the continuance thereof.

"Benefits if Premium in Default not over Six Months.—If, not later than six months after the due date of any premium in default and provided no previously due premium is also in default, due proof is received by the Company before the Insured shall have attained the age of sixty years that the Insured was totally and permanently disabled, as defined in the section entitled 'Benefits in Event of Total and Permanent Disability before Age 60', at the date when such premium in default fell due, and has been continuously so disabled since said due date, the Policy will be reinstated without evidence of insurability and the waiver of premium and dis-

ability income benefits shall be the same as if such default had not occurred.

"The Mutual Life Insurance Company of New York,
"William L. Simrell [In script]
"Secretary."

Mr. Landry became sixty years of age on August 4, 1942. He complained of nothing to the Company and has kept on paying annual premiums as usual, but the premium on December 1, 1942, the first premium due by him after attaining the age of sixty, did not include the previously and annually paid sum of $27.20 for disability benefits. Landry alleges in his petition (and for the purpose of this motion it all must be considered proved) that he had forgotten about, or was in ignorance of, the disability benefits provision and simply paid the amount requested by the company. The sum paid by Landry for his $5000 life insurance policy, aside from the premium for disability benefits, was $246.15 per year. Then, it was on May 25, 1943, that he gave notice to the Company of total and permanent disability claimed to exist since May, 1938.

There were eight months and twenty days from the date of reaching the age of sixty to the date of his giving notice to the company. If the plaintiff was totally and permanently disabled in May, 1938, under the contract he should not have paid the $27.20 for disability benefits nor the main premium of the policy on December 1st of each of the years 1938, 1939, 1940 and 1941.

In this situation the defendant company has filed a motion to dismiss on the ground that there is no claim alleged by the plaintiff on which relief can be granted.

We are impressed with the physically prominent and forcibly declarative obligation of the company appearing on the first page. We admit that the last clause of the declaration on total and permanent disability is "or upon the conditions set forth in Section 3."

For the purpose of this opinion, we shall assume that the intention of the company under Section 3 was that the insured must file proof of claim of his disability "before attaining the age of sixty years, and while no premium of this policy is in default." It is in the language of the rider, which has the identical heading to Section 3, giving supplementary benefits, that we find in the contract a claim for which relief can be granted. The very essence of this rider is

that the insured is permitted a delay in filing proof of his claim for total and permanent disability *after* he has attained the age of sixty years. The contract between the parties becomes embedded in the practical need for an insured, when totally and permanently disabled, to be forgiven the payment of any further annual premiums of any kind.

The rider is divided into two main sections, as follows: (1) "Benefits if Proof Delayed and no Premium in Default" and (2) "Benefits if Premium in Default not over Six Months." We must interpret this rider as a companion to Section 3; they are on the identical subject and in the same contract.

Section 3 provides that if "before attaining the age of sixty years" and "while no premium on this Policy is in default," the insured furnish the company due proof of disability, then the benefits are payable.

Let us examine now the very first paragraph of the rider. The only condition as to the time of filing any proof (and the proof is delayed, because specifically so stated) is that there be no premium in default. It is inescapable that this language clearly precludes that proof is required before the insured attains the age of sixty.

The second paragraph of the rider must now be considered contextually. The subject of the paragraph is "Benefits if Premium in Default not over Six Months." Differently from the paragraph just above, there is an allowance here that a premium may be in arrears, but the time limit is fixed at six months. There are three conditions in this second paragraph of the rider: (1) That the premium be in default not more than six months, (2) that the premiums previously due are not in default, and (3) that the proof must be received by the Company before the insured shall have attained the age of sixty years. This last condition, (3), is not one of the conditions of the first paragraph.

Therefore, we hold it to be clear and unambiguous that such requirement is not essential and is not a condition precedent to the application of the first paragraph— the one which applies to the facts of and, therefore, controls this case.

This conclusion, incidentally, accounts for the whole rider in the contract. It explains the heading to the rider: "Supplementary Benefits to Section Entitled 'Benefits in Event of Total and Permanent Disability Before Age 60.'" Please note the word "supplementary." Obviously, the rider is supposed to contain less rigorous terms than Section 3 on page 2 of the policy contract, and is advanced as a tradegetter.

The division of the rider into two separate sections, one applicable to an insured whose premiums are not in default, and the other applicable to an insured whose last premium is not in default more than six months, must be construed together in conjunction with the conditions found in Section 3. The second paragraph of the rider which makes it a condition precedent that the insured must file proof before he has attained the age of sixty, explains and interprets the first paragraph which does not contain such requirement.

In the heading of the paragraph, we find the phrase "If Proof Delayed." There can be no ambiguity in the language. It means that the proof of disability before attaining the age of sixty years may be made after becoming sixty years of age. That is the only inference possible from the language of Section 3, which declares otherwise, but to which this rider gives tolerance. The omission in the first paragraph, and the inclusion in the second paragraph, of the phrase " * * * due proof is received by the Company before the Insured shall have attained the age of sixty years that the Insured was totally and permanently disabled * * *" supports irrefutably our inference as to the meaning of the first paragraph. Definitely, the requirement was purposefully omitted in the one case and purposefully retained in the other.

In so holding, the heart of the obligation is maintained, to-wit: The disability must be before the age of sixty. The leniency allowed in the rider is that the proof may be delayed, that is, made after the attainment of the age of sixty, provided no premium be in default. These three parts of the policy, to-wit: (a) What is found on its face, (b) Section 3, and (c) the rider on the back of the policy contract, contain the only language in the contract on the subject at issue. We believe we have made a logical contextual interpretation of the whole.

The courts have held it to be so.

We are not impressed with the case of Hickman et al. v. Pan-American Life Insurance Company, 186 La. 997, 173 So.

742. The insured in that case was insane; any and all requirements were charitably waived; and, legally, the holding was premised on the theory that the insured mentally could not be expected to fulfill any requirement. Moreover, and more importantly, the provisions of the rider that we find in the instant case were not a part of the insurance contract.

It would seem that without the supplemental benefit rider found in this case, the furnishing of proof before age sixty is a condition precedent to the recovery of benefits. In the case of Clesi v. National Life & Accident Insurance Co., La.App., 193 So. 897, at page 900, affirmed 195 La. 736, 197 So. 413, we find: "There can be no doubt that provisions in policies of insurance requiring that the assured give notice of his injury or sickness within a specified time are binding where it is stipulated, as in this case, that a strict compliance on the part of the assured with the condition of the policy respecting notice shall be a condition precedent to recovery."

The next case relied upon by defendant company is that of Lincoln National Life Insurance Company v. Ohio, 8 Cir., 111 F. 2d 307. That case is not apposite, because there is no rider as we find in the instant case forming a part of the contract. The language of the contract in the Ohio case, fixing the condition precedent, is unambiguous, not susceptible in the least of double interpretation and is not at all the language of the instant case.

It is true that in the case of Birnbaum v. Mutual Life Insurance Company of New York, 170 Misc. 83, 9 N.Y.S.2d 928, 929, wherein the first paragraph only of the rider of the present case is found, it was said, and we are quoting the reasoning in full:

"Plaintiff's claim is that the rider nullifies the provisions of Section 3 of the policy, requiring proof of claim to be filed before the insured reaches the age of 60, and must be given effect, as if that requirement were absent from Section 3 of the policy (Chadsey v. Guion, 97 N.Y. 333); that the average insured would so read the rider, as to believe that he would not be penalized by complete loss of his claim, if he delayed filing his proof of claim beyond the time he reached the age of 60 years (Mansbacher v. Prudential Insurance Co. of America, 273 N.Y. 140, 7 N.E.2d 18, 111 A.L.R. 618); and that by rejecting the claim, on the ground that the proof of claim was filed too late, defendant can raise no other defenses to the suit. Herschman v. John Hancock Mutual Life Insurance Co. of Boston, Mass., 158 Misc. 263, 284 N.Y.S. 561, affirmed 248 App.Div. 774, 290 N.Y.S. 425; [Id.], 248 App.Div. 877, 291 N.Y.S. 152.

"I think the meaning of the rider and Section 3 is clear and unambiguous. Instead of benefits beginning as of the date when proof of claim is filed, the benefits are to commence at the end of the first completed month of the disability, and not as of the day when proof of claim was received. The purpose of this rider was to give the insured more time to determine whether the disability was of a permanent nature, and any delay, in the filing of the proof of claim, would thus not penalize an honest claimant.

"I do not think there is anything in the rider which destroys the requirement that proof of claim, in any event, must be presented before the disabled person reaches the age of 60 years, and I do not think the average insured person, reading the policy, could take the rider to mean that he may delay filing his proof of claim, until after he has reached the age of 60 years. Such a construction would alter the entire nature of the contract."

There was no appeal to this case. Frankly and conscientiously, we cannot agree with its reasoning, and we would maintain such a position even though the rider spoken of had had both of the paragraphs of the rider in the instant case. It is still to be advanced that the writer of the opinion in the Birnbaum case might have held differently if he had found a second paragraph such as we have in the instant case. As we have said before, the second paragraph has much to do with the interpretation of the first paragraph. It is true that the case was cited in Lincoln National Insurance Company v. Ghio, supra, and was also cited by the Circuit Court of Appeals for the Eighth Circuit in Mutual Life Insurance Company v. Drummond, 111 F.2d 282, 286, but its use in the former case was in a footnote for the purpose of comparison, and its use in the latter case was not in connection with the same question.

We do not believe the cases of Philip I. Brumit v. Mutual Life Insurance Company, 178 Tenn. 48, 156 S.W.2d 377, and Wolfe v. Mutual Life Insurance Company of New York, 3 Tenn.App. 199, are applicable to the instant case. The stated conditions

in the contracts are not the same as in the instant case.

The case of Moscov et al. v. Mutual Life Insurance Company of New York, 320 Ill. App. 281, 50 N.E.2d 970, we place in the same category with the Birnbaum case, supra. We disregard it.

Now, we shall discuss the cases that support our conclusion.

In the case of Boyett v. United States, 5 Cir., 86 F.2d 66, disability benefits were under the war risk insurance of the Veterans' Administration. Such citations are accepted equally with the citation of cases involving private insurance corporations. We quote at length from page 67 of 86 F. 2d:

"It would afford certainty and ease to the Veterans' Administration if the rule were established that a converted policy will lapse, if the insured neither pays his premiums nor submits proof of disability before the grace period expires. Some of the expressions quoted from this policy are capable of that construction, but to find the true meaning all must be considered together * * *.

"The second sentence above quoted from the policy states broadly and without qualification that the insurance is payable in the event of total and permanent disability or death of the insured. The next quoted provision 'Upon due proof of the total permanent disability of the insured while this policy is in force the monthly instalments shall be payable,' may be understood in two ways: First, that due proof of disability must be made while the policy is in force; or, second, that due proof of a disability which occurred while the policy was in force is a prerequisite of payment. There is thus an ambiguity, but it is fairly resolved by the use of the same form of words in the next sentence: 'Upon due proof of the death of the insured while this policy is in force.' No one would doubt that death while the policy was in force and not proof of it within that time was intended. The insured might die but a few minutes or hours before the lapse of the policy, and his disability might so occur, and in either case under circumstances such that immediate preparation and presentation of proof would be impossible. The fair construction is that hitherto followed that the death or disability must happen while the policy is in force, but the proof of it may be made in a reasonable time afterwards. Disability or death dur-

ing the life of the policy is a condition of liability, but proof of it at some later time is only a prerequisite of payment."

The language in the first paragraph of the rider to the effect that the proof furnished must be such as to entitle the insured to the disability benefits provided in Section 3, refers solely to the substance of the proof furnished, that is, such proof must conform to the requirements of total and permanent disability as expressed in Section 3. The language of this first paragraph has nothing to do with the time when the proof must be filed; the only requirement is that there be no premium in default.

The incipiency of liability for total and permanent disability is well discussed in the case of Mutual Life Insurance Company v. Drummond, supra, 111 F.2d at page 285, in the following language:

"Generally speaking, there are two classes of disability clauses: One, those in which benefits are conditioned upon the furnishing of proof and are to commence from the time that proofs are furnished; and, two, those in which benefits are conditioned upon the furnishing of proof, but which provide that the benefits are to commence from the date that the disability occurs. Under a clause of the first class, the furnishing of proofs is a condition precedent to liability and the right of the insured to the benefits provided does not accrue until proofs are furnished. Under a clause of the second class, the occurrence of the disability is ordinarily held to be the event which creates the right of the insured to the benefits promised in the policy, and the furnishing of proofs by the insured to the company is only a prerequisite to the actual receipt of such benefits.

"The policy in suit, in the absence of the rider, had a disability clause of the first class because the benefits provided for were to commence only with the furnishing of proof. The addition of the rider, however, brought the disability clause of the policy within the second class, in which the right of the insured to the disability benefits accrues as of the date of disability."

The policy at issue contains the rider which is discussed in this Drummond case, and we have already shown that since plaintiff Landry is to be considered for the purpose of this motion as having been totally and permanently disabled before attain-

362

ing the age of sixty years, that the first paragraph of the rider in the case of no premiums being in default permitted Landry to file his proof after he had attained the age of sixty.

The case of Smith v. Mutual Life Insurance Company, 188 Ark. 1111, 69 S.W. 2d 874, 876, is in direct support of our conclusion, as is shown by the following:

"Neither can we agree that our present holding is in conflict with Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 231, 76 L.Ed. 416. The policy construed in the Bergholm Case contains the following language: ' * * * To entitle the Insured to the above Total and Permanent Disability Benefits this policy at the time of making claim for such benefits must be in full force and· all premiums becoming due prior to the time of making claim must have been duly paid. * * *' The Supreme Court of the United States was eminently correct in holding that the language just quoted must be performed by the insured as a condition precedent to his right of recovery. This is the plain and unmistakable meaning of the language employed. However, we have no such language in the policy of insurance here under consideration. We think the language here employed is plain and definite to the effect that, if the insured suffers total and permanent disability prior to his sixtieth birthday and at the time has paid all premiums due, liability then and there attaches and recovery is postponed until notice or proof of loss is submitted. For instance, suppose the insured on the day prior to his sixtieth birthday suffers an injury which results in the loss of both legs and both arms. In the natural course of events it would be impossible to make proof of loss prior to the insured's sixtieth birthday. Such construction would nullify the plain intentions of the parties. True this is an extreme imaginary case, but it is not beyond the limits which the parties had in mind at the time the contract was effected.

"It is self-evident that the paramount consideration the parties had in mind at the execution of this contract was insurance against total and permanent disability. Any construction which nullifies this paramount consideration should be avoided, if possible. All courts agree that it is a fundamental rule of construction that insurance contracts when ambiguous should be construed most strongly against the insurer:

Mutual Life Ins. Co. v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102; Stipcich v. Ins. Co, 277 U. S. 311, 48 S.Ct. 512, 72 L.Ed. 895."

Because it reviews the jurisprudence on the subject in an exhaustive way, the decision in Mutual Life Insurance Company v. Smith, 257 Ky. 709, 79 S.W.2d 28, 29, is the most interesting and informative we have found to support our conclusion in the instant case. The disability clause in that case read, as follows:

"Benefits in the Event of Total and Permanent Disability Before Age 60.

"When Such Benefits Take Effect.—If the Insured, after payment of premiums for at least one full year, provided all past due premiums have been duly paid, shall before attaining the age of sixty years at nearest birthday and while this Policy is in full force furnish due proof to the Company at its Home Office that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain, or profit, or from following any gainful occupation, and that such disability has then existed continuously for not less than sixty days, the Company will grant the following benefits."

We quote the most pertinent language:

"The argument that Smith's delay of more than six years after the commencement of his disability and about two years after attaining the age of sixty, in furnishing proof of disability, was unreasonable as a matter of law, is neither authorized by any provision of the policies, nor by a reasonable construction thereof. They contain no requirement respecting the time of furnishing proof of disability.

"Neither of the words, 'immediately,' 'forthwith,' 'forfeiture,' nor the phrase 'condition precedent' is contained in them.

"The only language connoting a 'condition precedent' is this sentence, 'Benefits in the Event of Total and Permanent Disability Before Age Sixty,' which is only susceptible of the construction that the disability must occur before age sixty. The next sentence, 'When such benefits (benefit in the event of such disability before age sixty) take effect,' when read in connection with the language following it, to the average mind, naturally and inevitably, refers to the time of the commencement of the payment of 'the benefits' and not the time of

the creation or commencement of the coverage of the insured's disability benefits, thereunder.

"* * * If giving notice or furnishing proof is made a condition precedent to liability on the part of the insurer or if forfeiture is provided for if they are not given, then notice or proof must be given in accordance with the terms of the policy contract. Staples v. Continental Ins. Co., 223 Ky. 842, 5 S.W.2d 265; Federal Life Ins. Co. v. Holmes' Committee, 232 Ky. 834, 24 S.W.2d 906."

See also the case of Viles v. Prudential Insurance Company of America, 10 Cir., 96 F.2d 3, in support.

In conclusion, we quote liberally from the case of Minnesota Mutual Life Insurance Company v. Marshall, 8 Cir., 29 F.2d 977, 978, because we think it quite applicable:

"The policy provided that if the insured, while the policy is in full force and effect, and without default in the payment of premiums, 'shall become totally and permanently disabled, as hereinafter provided, and shall furnish satisfactory proof thereof, the Company will waive the payment of [all] premiums thereafter becoming due. * * * Second: Upon the receipt of due proof of total and permanent disabilities as above defined, the Company will waive the payment of all premiums thereafter becoming due.'

"On the question of when the time of waiver of the payment of premiums begins under policy provisions similar to these quoted, there are two lines of decisions; one holding that proof of disability fixes the time when the waiver begins; and the other holding that the time of waiver is the time of disability, and that a reasonable time thereafter is allowed to make proof of such disability, and that if death occurs before the proof of disability is made, although after the due date of the premium, the insurance company is liable, where the disability arises before the due date of the premium, and continues until death.

"It is unnecessary to attempt to distinguish the language of the policies upon which these differing opinions are based. They unquestionably put a different construction upon practically the same provisions of insurance policies. They differ as to the construction of the same or similar language. These decisions of themselves establish doubt as to the construction and meaning of the provisions which we are called upon to interpret. It is a familiar rule of construction that where contracts of insurance are prepared by the insurer and there is doubt as to the meaning of their provisions, it will be construed most favorably to the insured.

* * * * *

"However much the legal mind may differ as to the meaning of these provisions, the ordinary layman would construe them to mean that, in the event he became disabled before his premium fell due, his insurance would be continued until his disability was removed or until his death. That is the natural and reasonable construction to be placed upon the language used in this policy. Any other construction, to my mind, would be contrary to the full purpose of the contract and deprive the insured of one of the principal benefits of his policy."

Since we find no ambiguity to exist in the language of the contract, there is no occasion to apply the principle that equivocal language must be construed against the insurer.

It has been well said by Chief Justice Hughes, when enforcing strictly the conditions of a contract in favor of the insuring company, in the case of Williams v. Union Central Life Insurance Company, 291 U.S. 170, 180, 54 S.Ct. 348, 352, 78 L. Ed. 711, 92 A.L.R. 693:

"As there is no ambiguity in the provisions under consideration, there is no occasion for resort to the familiar principle that equivocal words should be construed against the insurer. While it is highly important that ambiguous clauses should not be permitted to serve as traps for policy-holders, it is equally important, to the insured as well as to the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate language, and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations."

Hence, this case would still remain with the insured irrespective of any technical claim such as the defendant insurance company makes when it contends that the insured waived his rights by paying his 1942 premium less the $27.20 to represent his disability protection.

The Louisiana law is in agreement with the Hughes language, supra; all doubts in regard to the meaning of a provision in a

policy of insurance must be resolved against the insuring company. Corporation of Roman Catholic Church of Eunice v. Royal Ins. Co., Limited, 158 La. 601, 607, 104 So. 383; Finley v. Massachusetts Mut. Life Ins. Co., 172 La. 477, 486, 134 So. 399, 402; Bernier v. Pacific Mut. Life Ins. Co. of California, 173 La. 1078, 139 So. 629, 631, 88 A.L.R. 765; Ardoin et al. v. Great Southern Life Ins. Co., 186 La. 583, 588, 173 So. 112, 114; Muse v. Metropolitan Life Ins. Co., 193 La. 605, 614, 192 So. 72, 75, 125 A.L.R. 1075; Salomon v. Equitable Life Assur. Soc. of United States, 202 La. 1001, 1010, 13 So.2d 329, 331; Stipcich v. Metropolitan Life Insurance Company, 277 U.S. 311, 48 S.Ct. 512, 72 L.Ed. 895.

Furthermore, to rule as defendant company seeks us to do would legalize as a trap for policyholders the rider, which is offered to prospective buyers of life insurance as an extra inducement.

The defendant company contends that, granting all the rights that we have given the plaintiff, the plaintiff has lost his rights because of laches. It urges that the plaintiff must be presumed to have known that the disability benefit provisions were no longer in existence after he paid the decreased premium on December 1, 1942; that he waited until May 25, 1943, to give notice to the company of his claim; that this claim, based on physical disability, inescapably has to be known to him since its existence, allegedly in May, 1938; that insurance companies make their rates prospectively upon their past business, and that, therefore, the defendant company has been misled in this particular contract to its injury by the delayed action of the plaintiff.

■ This contract is to be decided under the laws of Louisiana, as the delivery of the contract to plaintiff Landry was made in Louisiana, and the first premium as well as all subsequent premiums to date have been paid by Landry in this state.

■ There is no laches such as is known to the common law in the civil law of Louisiana. The codal and statutory prescriptive periods must apply. Article 3470 of the Civil Code of Louisiana says: "There are no other prescriptions than those established by this Code and the statutes of this State now in force." Article 3544 applies to this action on contract; it provides for a period of ten years.

The necessity for the insuring company to know at the time that the insured reaches the age of sixty whether or not there may be an outstanding claim for total and permanent disability in order to fix its future rates, is offset by the language of the court in the case of Boyett v. United States, supra. The court in that case said that the provisions of the contract controlled, and that there was no language making it compulsory to file a claim within any stated period.

The remedy for the defendant company is for it to insert in its future contracts a provision fixing definitely a time, such as a month, six months, or any period of years, within which a claim for total and permanent disability may be filed after the insured has reached the age of sixty. We judge that a delay as in the instant case occurs but seldom. For the insuring company to press the point that it suffers injury in such a case because its future rates are fixed by the aggregate history of its past contracts cannot avail it in the absence of language in the policy contract which would prohibit the conclusion we have made.

The general tenor of the rider permits of delay in filing proof of total and permanent disability. The very delay which defendant company claims amounts to common law laches is allowed as a matter of right to the insured by the rider. The language in (b) of the first paragraph of the rider, "Return any premium due after the beginning of such disability which has been paid during the continuance thereof," is pregnant with the inference that a delay of proof may be for a long period of time, since premiums usually are paid annually, and the instant contract provides for annual premiums. Conclusively, there is in contemplation by the contracting parties a period of delay that may reach several years. The defendant company may not complain of that to which it agrees in the contract.

We like particularly the language of the court in the case of Mutual Life Insurance Company of New York v. Smith, already cited on another point, where it is said at page 35 of 79 S.W.2d:

"In the case of Metropolitan Life Ins. Co. v. People's Trust Company, 177 Ind. 578, 98 N.E. 513, 41 L.R.A. (N.S.) 285, the court held that a delay of two years and two months in furnishing notice and proof of loss was not unreasonable in the circum-

stances established by the evidence. In the present case, it is very clear that Smith, after the occurring of his total and permanent disability, would not have continued to pay the premiums and omitted to demand of the Mutual Life the payment of the disability benefits except ignorance of the provisions of the policy entitling him thereto."

The following cases, while outside of Louisiana and consequently only of persuasive value, give illustrations of the legality of the delay of several years before filing a proof of claim: Orr v. Mutual Life Insurance Company, D.C., 57 F.2d 901-904; Kimel v. Missouri State Life Insurance Company, 10 Cir., 71 F.2d 921; Franklin Life Insurance Company v. Fisher, 164 Okl. 193, 23 P.2d 151.

The case of Turner v. Metropolitan Life Insurance Company, 189 La. 342, 179 So. 448, 449, is of direct value. There was a delay of nearly two years in the filing of proof of injury. The refusal of payment by the insuring company was based upon this ground, among several others: "that the proof and notice of injury were not made out and served within a reasonable time." The court disposed of this contention at page 449 of the decision in 179 So., as follows:

" * * * Their contention is that notice was not given within a reasonable time in this case.

"The authorities cited by counsel do not support their contention. They cite 33 Corpus Juris, § 657, page 11. It is there stated that:

" 'Generally speaking, in order to justify a recovery, insured or the insurance claimant must comply with a lawful stipulation in the policy requiring notice to be given within a specified time, notwithstanding the company is not prejudiced by the delay.'

"This refers to policies in which the time for giving notice is prescribed in the policy.

"Further on in that section, it is stated that 'if no time is fixed by the policy, notice must be given within a reasonable time. What constitutes a reasonable time for giving notice depends on the circumstances of the particular case.'

"As we have said, no time was specified in this policy for giving notice of the injury to the company, and we do not think that the delay in this case was so unreason-

able as to defeat plaintiff's right of recovery."

The last quoted sentence above contains our ruling in the instant case.

The motion to dismiss is overruled and denied.