157 So. 882

### DOVEL v. NATIONAL LIFE INS. CO.
### 6 Div. 649.

Supreme Court of Alabama.
Nov. 1, 1934.

Robt. E. Smith, of Birmingham, for petitioner.

Lange, Simpson & Brantley, of Birmingham, opposed.

KNIGHT, Justice.

Petition for writ of certiorari by National Life Insurance Company to the Court of Appeals to review and revise the opinion and judgment of that court in the case of James P. Dovel v. National Life Insurance Company, 157 So. 880.

This case, as we see it, is controlled by the principles announced in our recent cases of New England Mutual Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349, and our more recent case of McCutchen v. All States Life Ins. Co., 158 So. 729.[1] In which last-named case this court, after a full and exhaustive review of the authorities, here as well as elsewhere, reaffirmed the reasoning and conclusions reached in the Reynolds and McGifford cases.

It will be observed that the provision of the policy contract now before us, providing for disability benefits, so far as here pertinent, is as follows: "If the insured, after payment of premiums for at least one year from October 1, 1918, and before default in the payment of any premium and before the policy anniversary nearest the sixtieth birthday of the insured and while this policy is in full force, shall furnish to the company at its home office due proof that he has become totally and permanently disabled by bodily injury or disease, so that he is and will be thereby permanently and continuously prevented from engaging in any occupation or profession, or performing any work for compensation, gain or profit, and that such disability has then existed for not less than sixty days—without prejudice to any other cause of disability the permanent and complete loss of sight of both eyes, or the severance of both hands above the wrists or of both feet above the ankles or of one entire hand and one entire foot to be considered total and permanent disability—the company will grant the following benefits."

One of the conditions of the company's obligation to pay disability benefits is that the insured shall, the other conditions being also met, furnish due proof to the company at its home office that he has become permanently and continuously disabled, within the purview of said policy, before the policy anniversary nearest the sixtieth birthday of the insured. This provision of the policy contract is clear and unambiguous, means what it says, and says what it means, and constitutes a condition precedent to the existence of the claim for special benefits under the policy sued on.

There is quite a distinction, as pertinently observed by Mr. Justice Foster, in our recent case of Prudential Life Ins. Co. v. Gray, 157 So. 878, "between the existence of a right to disability and the accrual of the cause of action for the recovery. If the policy is so set up that the claim came into existence when the disability occurred, but that the cause of action did not accrue until proof of the disability was furnished, the delay of the proof not extending beyond a reasonable time (Provident Life & Accident Ins. Co. v. Heidelberg [Ala. Sup.] 154 So. 809[1]) did not cut off the claim, though the proof was not furnished until after there was default in paying the subsequent premium."

Here, however, the right to disability benefits was dependent upon the fulfillment by the insured of the condition precedent to furnish due proof of the disability, while the policy was in full force, before the policy anniversary nearest the sixtieth birthday of the insured. This case, therefore, comes directly within the principle announced by us in the Reynolds, McGifford, and McCutchen Cases, supra, and is controlled thereby.

The Court of Appeals evidently misinterpreted our holdings in the above-cited cases.

The provisions of the policy for disability benefits, and the furnishing of proof of disability, brought forward, or, more accurately speaking, pleaded by defendant in its pleas 5, 6, and 7, do not present a case involving a condition subsequent, nor a forfeiture, but one where a condition precedent to the existence of a right of action exists. The demurrer to plea 5 was properly overruled by the trial court, and the Court of Appeals erred in reversing the judgment of the trial court in that respect.

Nor were pleas 6 and 7 defective in the particulars pointed out in the opinion of the Court of Appeals. American Bankers' Ins. Co. v. Dean, 227 Ala. 387, 150 So. 333; Sov. Camp, W. O. W. v. Gunn, 224 Ala. 444, 140 So. 410.

It follows, therefore, that the writ of certiorari prayed for will be granted, and the judgment of the Court of Appeals will be, and

---

[1] Post, p. 616.

[1] 228 Ala. 682.

is, reversed, and the cause remanded to that court for further proceedings in conformity with this opinion.

Writ granted.

All the Justices concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes