THOMAS, Judge.
 

 On July 5, 2005, Henry Robertson (“the buyer”) purchased a used manufactured home from Darryhl Chad Barnette d/b/a Warrior Wholesale Homes (“the seller”). The purchase contract provided that the home was sold “ ‘as is’- — -with no warranty.” In a handwritten section of the contract, the seller, however, added the following:
 

 “Utility connections are [the buyer’s] responsibility. [The seller] will fix the 4 holes in the siding (3-front, 1-back). [The seller] will repair the faucets in home (knobs were missing), paint the vents on top of the home, clean the home before delivery, repair the kitchen island (loose), [and] change door locks.”
 

 The contract also contained the following preprinted provisions:
 

 “[The seller] does not warranty the [air-conditioning] unit. However, [the seller] will guarantee that it works when initially hooked up within 30 days of purchase, but [it] must be installed by a
 
 licensed
 
 electrician/air conditioner contractor. “[The seller] does not provide or install underpinning unless noted in the contract.”
 

 (Emphasis added.) Adjacent to the provision stating that “[the seller] does not provide or install underpinning unless noted in the contract,” the seller added the following handwritten notation: “[The seller] will put the original skirting in the house.”
 

 On November 27, 2006, the buyer sued the seller in Tuscaloosa District Court, alleging that the seller had breached its contract by failing to change the door locks, to fix the holes in the siding, to paint the vents, to provide the skirting, to provide a working refrigerator, and to clean the stove, refrigerator, and carpets in the home. In addition, the buyer alleged that the seller had breached its guarantee as to the air-conditioning unit. The case was transferred to the Hale District Court on the seller’s motion.
 

 Following an ore tenus proceeding, the Hale District Court entered a judgment in favor of the seller on April 3, 2007. On April 10, 2007, the buyer timely appealed to the Hale Circuit Court for a trial de novo. Following a bench trial on September 18, 2007, the circuit court, on March 10, 2008, entered a judgment in favor of the buyer in the amount of $3,000. The seller timely appealed to this court on April 21, 2008.
 

 On appeal, the seller argues that the circuit court erred by entering a judgment in favor of the buyer because, he says, the evidence was insufficient to support the circuit court’s determination that the seller had breached the contract with the buyer. Specifically, the seller contends that the buyer did not meet his burden of proving that the seller had breached the guarantee as to the air-conditioning unit in the manufactured home. Although the seller, in contravention of Rule 28(a)(10), Ala. R.App. P., fails to cite authority for that argument in his pro se appellate brief, we will address the merits of the argument because, despite the lack of citation to authority, we are “able to adequately discern” the issues presented.
 
 Kirksey v. Roberts,
 
 613 So.2d 352, 353 (Ala.1993) (explaining that an appellate court may consider an argument that is not compliant with Rule 28(a)(10) if the court is able to adequately discern the issues presented).
 

 “In certain circumstances, Alabama courts have analyzed the merits of a claim despite a party’s noncompliance
 
 *800
 
 with Rule 28(a), Ala. R.App. P.
 
 Kirksey v. Roberts,
 
 613 So.2d 352, 353 (Ala.1993) (when ‘we are able to adequately discern the issue [the appellant] presents, in spite of his failure to present authorities in support of his claim, we will not affirm merely because of a technicality’) .... Therefore, we will exercise our discretion and consider [the seller’s argument],
 
 Dubose v. Dubose,
 
 964 So.2d 42, 46 n. 5 (Ala.Civ.App.2007) (‘[T]his court may choose to affirm a case on the basis of Rule 28[, Ala. R.App. P.,] when an appellant’s brief fails to comply with the rule, but this court is by no means required to do so.’ (emphasis omitted) (citing
 
 Kirksey,
 
 613 So.2d at 353)).”
 

 Ex parte Cleghorn,
 
 993 So.2d 462, 466 (Ala.2008).
 

 Discussion
 

 To prevail on a breach-of-eon-tract claim, a plaintiff is required to prove “(1) the existence of a valid contract binding the parties in the action, (2) [the plaintiffs] own performance under that contract, (3) the defendant’s nonperformance, and (4) damages.”
 
 Southern Med. Health Sys., Inc. v. Vaughn,
 
 669 So.2d 98, 99 (Ala.1995). In the present case, the buyer failed to prove the seller’s nonperformance of the agreement to guarantee the air-conditioning system in the manufactured home. The seller promised to guarantee the air-conditioning system only if the system were “initially hooked up within 30 days of purchase” and “installed by a licensed electrician/air conditioner contractor.” Those two requirements — that the air-conditioning system be hooked up within 30 days of the buyer’s purchase of the home and that the system be installed by a licensed electrician or air-conditioning contractor — were conditions precedent to the seller’s duty to perform under its guarantee.
 
 See generally Dovel v. National Life Ins. Co.,
 
 229 Ala. 378, 157 So. 882 (1934);
 
 Restatement of Contracts
 
 § 250 (1932). “If a fact is a condition precedent to the defendant’s duty of immediate performance, it is a necessary part of the plaintiffs cause of action.” 3A Arthur L. Corbin,
 
 Corbin on Contracts
 
 § 749 (1960) (quoted in
 
 Meador v. Cincinnati Ins. Co.,
 
 915 So.2d 60, 63 (Ala.Civ.App.2005)).
 

 The buyer testified that he had engaged a man whose name he did not remember to install and hook up the air-conditioning unit in the home. When asked whether the installer was a licensed electrician or air-conditioning contractor, the buyer answered, “Yeah, he was licensed. He was in the book.” Upon further questioning, the buyer acknowledged that he did not actually know whether the installer was licensed. The buyer stated, “He was in the book. And I believe if he was in the book, he had a license.” The buyer testified as follows:
 

 “A. I got this man to come by there and install [the air-conditioning unit], and as fast as he was putting Freon in it, it was running out.
 

 “Q. [By counsel for the buyer]: Is that somebody you called?
 

 “A. That was somebody I called.
 

 “Q. Did you find them where?
 

 “A. It was in the book.
 

 “Q. Under what? Electricians or what?
 

 “A. I got the papers somewhere, now.
 

 “(Plaintiffs Exhibit Number 5 was marked for identification.)
 

 “Q. Okay. I am showing you now what is marked as Plaintiffs Exhibit 5. Do you recognize that?
 

 “A. This is it right here (indicating).
 

 “Q. Okay. And is that your payment to the electrician?
 

 “A. That’s right. 225.
 

 
 *801
 
 “Q. And what is that date? August 22, ’05?
 

 “A. That’s right. That’s what date it was.”
 

 Plaintiffs Exhibit 5 is a receipt from “Joe Geer,” indicating that on August 22, 2005, the buyer paid Geer $225 to “ck. A.C. compressor.” The receipt does not indicate Geer’s occupation, place of business, or status with respect to whether he was a “licensed electrician/air conditioner contractor.”
 

 The buyer’s testimony continued:
 

 “Q. [By counsel for the buyer]: So when you called him out, the electrician out, to get the — what, get the air conditioner set up?
 

 “A. That’s right. He run the pipe.
 

 “Q. So what happened after he did all of that?
 

 “A. Well, he run the pipe back under the house and hooked the air conditioner up. It was hooked up on the outside, and he come and put Freon in it. And as fast as he was putting it in, a piece of the valve was broke off, and the Freon was just running out. And he said it was cheaper to buy — to get a new one that to fix that old one.”
 

 The buyer offered and the circuit court admitted as evidence an invoice indicating that, on September 13, 2005, the buyer paid A-l Alabama Heating and Air Conditioning Company of Tuscaloosa $1,400 to “replace a 4-ton condenser, due to storm damage,” plus $375 for a “4-ton coil and a 20-foot line set.” Thus, the buyer presented evidence indicating that he had spent $225 in an attempt to have the existing air-conditioning system in the home installed and that, when that attempt had failed, he had spent a total of $1,775 to purchase and have installed a new air-conditioning system. Accordingly, the buyer alleged that he was damaged in the amount of $2,000 as a consequence of the seller’s alleged breach of the guarantee regarding the air-conditioning system.
 

 The seller testified that he had received a telephone call from the man who had attempted to install the air-conditioning unit in the mobile home. According to the seller, the man, whose name was “Joe,” owned an automobile-body shop. The seller testified that “Joe” admitted that he was not a licensed electrician or a licensed air-conditioning contractor.
 

 The evidence at trial affirmatively established that the buyer purchased the manufactured home on July 5, 2005, and attempted to have the air-conditioning system hooked up on August 22, 2005. Thus, the buyer failed to meet his burden of proving the first condition precedent to the seller’s duty to guarantee that the air-conditioning system worked — that the system had been hooked up within 30 days of the buyer’s purchase of the home. The buyer also failed to meet his burden of proving the second condition precedent to the seller’s duty to guarantee that the air-conditioning system worked — that the system had been installed by a licensed electrician or air-conditioning contractor.
 

 Conclusion
 

 The buyer failed to prove that the seller had breached the guarantee regarding the air-conditioning system. The buyer also failed to prove that the seller had warranted the refrigerator or had agreed to repair or replace the refrigerator. Regarding the buyer’s other claims, we conclude that the evidence was sufficient to support a judgment in favor of the buyer. We, therefore, affirm the circuit court’s judgment in part, reverse the circuit court’s judgment in part, and remand the cause to the circuit court with instructions to enter a judgment in favor of the buyer that
 
 *802
 
 reflects a finding that the seller did not breach the parties’ contract "with respect to the air-conditioning system or the refrigerator and, as a result, to determine whether the evidence as to the other claims supports a $3,000 damages award.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.